UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | § § | |
| | § | Case No. 20-44289-169 |
| Robert J. Ambruster, Inc., | § § | Chapter 11 |
| Debtor. | § § | |
| | § | Re: Doc. No. 112 |

**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND FINANCIAL AFFIDAVIT [SIC]**

Robert J. Ambruster, Inc. (the "Debtor") commenced its bankruptcy case, docketed as case number 20-44289-169 (the "Case"), under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on September 3, 2020 ("Petition Date"). See Doc. No. 1. The Debtor elected to proceed under Subchapter V of the Bankruptcy Code. See Doc. No. 4 at 2.

On February 23, 2021, Jeffrey Mize, *pro se* ("Mr. Mize"), filed his Application for Leave to Proceed In Forma Pauperis and Financial Affidavit [sic] (the "Application") in the Case. See Doc. No. 112. The Application seeks this Court's entry of an order waiving the filing fees associated with "any moving action of the Movant" in the Case, see id. at 3, on grounds that Mr. Mize "is indigent and has inability to proceed without Relief [sic] from the Court". See id. at 1, ¶ II. The Application purports to incorporate a "financial affidavit" pursuant to 28 U.S.C. § 1915. See id. at 1, 2-3. In particular, the Application references Mr. Mize's desire to file an adversary proceeding to determine the validity and non-dischargeability of a claim, see id. at 2, but this Court understands the Application to seek a waiver of all filing fees in this matter.

Section 1915 of Title 28 of the United States Code addresses proceedings *in forma pauperis*. See 28 U.S.C. § 1915. Parties seeking *in forma pauperis* status desire permission to file one or more actions or pleadings without liability for filing fees or costs due to financial incapacity.

1

A split exists on whether bankruptcy courts can grant *in forma pauperis* status as such, because 28 U.S.C. § 1915 only permits a person to proceed *in forma pauperis* if "any court of the United States" authorizes that person to do so, and courts differ about whether and when bankruptcy courts fall within the ambit of that criterion. See 28 U.S.C. § 1915(a)(1); see also In re Richmond, 247 F. App'x 831, 832-33 (7th Cir. 2007) (limning scope of the debate about whether bankruptcy courts comprise "court[s] of the United States" under Title 28 of the United States Code). However, this Court need not resolve that dispute to address the matter at hand.

Instead, this Court turns to its authority under 28 U.S.C. § 1930(f). Section 1930 of Title 28 addresses bankruptcy fees. See 28 U.S.C. § 1930. That statute sets out the filing fees to be paid when a debtor files bankruptcy and the quarterly fees to be paid by certain Chapter 11 debtors, and authorizes the Judicial Conference of the United States to prescribe additional fees in bankruptcy cases for the filing of proceedings in bankruptcy cases, as well as similar fees. See 28 U.S.C. § 1930(a),(b). Germane to this matter, the Judicial Conference Schedule of Fees - Bankruptcy Court Miscellaneous Fee Schedule issued in accordance with the statute imposes a number of filing fees for bankruptcy cases and proceedings, including a $350.00 fee for the commencement of an adversary complaint by a party other than a trustee or debtor-in-possession, debtor, or child support creditor. See ADMIN. OFF. OF U.S. COURTS, *Bankruptcy Court Miscellaneous Fee Schedule* ¶ 6, https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule (last visited Feb. 26, 2021).[1]

---

[1] In addition, as of the date of the entry of this Order, Mr. Mize has failed to pay the $26.00 filing fee associated with his Motion to Redact and/or Withdraw Motion for Substitution of Standing Brief or in the Alternative Motion to Seal the Record and Instrument [Doc. No. 115]. See ADMIN. OFF. OF U.S. COURTS, *Bankruptcy Court Miscellaneous Fee Schedule* ¶ 21, https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule (last visited Feb. 26, 2021) (setting $26.00 filing fee for a motion to redact a record and authorizing waiver of that fee "under appropriate circumstances").

2

Section 1930 of Title 28 of the United States Code permits—but does not require—this Court to waive certain fees otherwise required to be paid to the Clerk of this Court. See 28 U.S.C. § 1930(f)(3) (stating that the provisions of 28 U.S.C. § 1930(f)(1) permitting waiver of an indigent debtor's filing fee to commence a bankruptcy case do not "restrict" a bankruptcy court from waiving other fees prescribed under the statute for debtors and creditors). The statute does not specify the standard that this Court should use to evaluate a request for a fee waiver. However, the inclusion of subsection (3) within section (f) of 28 U.S.C.§ 1930 gives rise to the implication that this Court may look to the standards contained in subsection (1) of that statute for guidance.

Subsection (1) of section (f) of 28 U.S.C.§ 1930 permits this Court to waive the filing fee due from a debtor at the commencement of a Chapter 7 bankruptcy case if this Court determines that the applicant "has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments". See 28 U.S.C. § 1930(f)(1); see also L.R. 1006 (referencing the applicable poverty guidelines to be used to review fee waiver requests). In addition, many courts use a case by case totality of the circumstances analysis to evaluate fee waiver requests. See In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005); see also In re Hayes, 581 B.R. 509, 514-15 (Bankr. W.D. Mich. 2018) (enumerating facts to consider in evaluating a debtor's request to waive a filing fee); In re Spisak, 361 B.R. 408, 413-15 (Bankr. D. Vt. 2007) (reviewing income, expenses, discrepancies in documents, potential sources of funds, and exempt property, among other criteria, before vacating debtor's fee waiver). The burden to prove, by a preponderance of the evidence, that any application to waive filing fees should be granted rests on the requesting party. See Hayes, 581 B.R. at 515; Nuttall, 334 B.R. at 923.

3

The Application purports to include a financial affidavit to demonstrate Mr. Mize's "indigent status" in this matter. See Doc. No. 112 at 2-3. That purported affidavit asserts that Mr. Mize's gross wage is approximately $3,800.00 per month, that his net wage is approximately $1,500.00 every two weeks, and that Mr. Mize has no other income. See Doc. No. 112 at 2. The purported affidavit does not identify Mr. Mize's employer or source of income or fully itemize all deductions from Mr. Mize's gross income. See id. The purported affidavit states that Mr. Mize has two minor children living in his home but does not disclose who else resides in that home. See Doc. No. 112 at 3. The purported affidavit also lists expenses consisting of a vehicle payment, vehicle insurance, food and utilities. See id. at 2-3. The purported affidavit does not disclose whether any other person in the Mize household receives any form of income or contain a complete disclosure of Mr. Mize's household assets, such as any real estate or personal property that Mr. Mize might own, or other resources potentially available to pay filing fees. See id. No paystubs, financial documents or other information accompanied the affidavit to support its contentions. See id.

The purported affidavit contained in the text of the Application asserts that Mr. Mize has gross income of $3,800.00 per month; this clearly exceeds 150% of the applicable poverty guidelines for 2021 for a household of up to four people in the forty-eight contiguous states in this country. See U.S. BANKR. CT., E.D. MO., *150% of the HHS Poverty Guidelines for 2021 – Monthly Basis* at 1, https://www.moeb.uscourts.gov/dont-have-attorney (Fee Waiver Information - Poverty Guidelines hyperlink) (last visited Feb. 26, 2021). Thus, Mr. Mize does not satisfy the primary criterion this Court can use to consider whether it should waive a filing fee for him.

This Court then reviewed the Application to determine whether the evidence and the totality of the circumstances in this matter warrant a fee waiver for Mr. Mize. An analysis of this

4

type requires assessment of complete and substantiated financial information and any explanation necessary to understanding that information.  However, the omissions in the purported affidavit and the lack of supporting documents deprive this Court of information sufficient to show that any basis exists to find that the totality of Mr. Mize's circumstances constitutes grounds to find a lack of capacity to pay an adversary filing fee at this time.  The Application and the purported affidavit do not provide adequate information for this Court to reach any other conclusion.

Thus, after reviewing the Application, this Court **FINDS** that Mr. Mize fails to show by the preponderance of the evidence that grounds exist to waive filing fees and/or costs for Mr. Mize in this matter.  Therefore, this Court **ORDERS** the Application for Leave to Proceed In Forma Pauperis and Financial Affidavit [sic] [Doc. 112] **DENIED.**  Mr. Mize must pay all filing fees and costs in this matter as they come due.

DATED: February 26, 2021  
St. Louis, Missouri  
mtc

BONNIE L. CLAIR  
United States Bankruptcy Judge

**Copy Mailed To:**

**Angela Redden-Jansen**  
3350 Greenwood Blvd.  
Maplewood, MO 63143

**Robert J. Ambruster, Inc.**  
6633 Clayton Road  
Saint Louis, MO 63117

**Stephen D. Coffin**
The Small Business Law Center
2705 St. Peters-Howell Rd
Suite A
St. Peters, MO 63376

**Joseph Richard Schlotzhauer**
United States Trustee Program
111 South 10th Street
Suite 6.353
St. Louis, MO 63102

**Deborah Drace**
7635 W. Shore Dr
Egg Harbor, WI 54209

**Jeffrey M Mize**
7635 W Shore Dr
Egg Harbor, WI 54209

Ameren UE
PO Box 790352
Saint Louis, MO 63179

Batesville Casket Company
PO Box 644559
Pittsburgh, PA15264-4559

Chase Card Member Services
PO Box 6294
Carol Stream, IL60197-6294

Citizens National Bank
7305 Manchester Rd.
Saint Louis, MO 63143

Criswell Casket Company
2000-2010 Exchange Dr
Saint Charles, MO 63303

Division of Employment Securities
PO Box 3100
Jefferson City, MO 65102

JS Paluch Co., Inc.
PO Box 2703
Schiller Park, IL60176

LPI
PO Box 510817
New Berlin, WI
53151-0817

Missouri Department of Labor& Ind.
Rel.Division of Employment Security
Jefferson City, MO65104-0059

Missouri Funeral Directors and Embalmers
1757 Woodcliff Dr., Ste 202
Jefferson City, MO65109

MSD
PO Box 437
Saint Louis, MO 63166

Sams Club MC/SYNCB
PO Box 960016
Orlando, FL 32896-0016

Spire
Drawer 2
Saint Louis, MO 63171

St. Louis County Collector of Revenue
41 S. Central
Saint Louis, MO63105

The National Directory of Mortuaries
PO Box 73
Chagrin Falls, OH 44022-0073

Travelers Insurance J Thomas Company,Inc.
800 Market ST., Ste1655
Saint Louis, MO63101