**DENIED**

Objection mooted by filing of First Amended Proposed Subchapter V Small Business Plan (Doc. No. 104) on February 11, 2021.

March 15, 2021

Bonnie L. Clair
UNITED STATES BANKRUPTCY JUDGE

UNITIED STATES DISTRICT COURT
BANKRUPTCY DIVISON
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| ROBERT J. AMBRUSTER, INC., ) | Cause No. 20-44289 |
| ) | |
| Debtor, ) | Chapter 11 |
| ) | |
| JEFFREY M. MIZE, ) | ENTRY OF FORMAL WRITTEN OBJECTION |
| ) | |
| Plaintiff/Movant, ) | |
| v. ) | |
| ) | |
| ROBERT J. AMBRUSTER, INC., ) | |
| And ) | |
| ROBERT C. DRACE, ) | |
| ) | |
| Defendants, ) | |

### ENTRY OF FORMAL WRITTEN OBJECTION
### TO THE PLAN SUBMITTED BY ROBERT J. AMBRUSTER, INC

**COMES NOW,** Jeffrey M. Mize, Plaintiff/Movant in his individual capacity as creditor, hereby provides his Entry of Formal Written Objection to the Plan of Robert J. Ambruster, Inc., pursuant to applicable federal court civil procedures.

Plaintiff/Movant states as follows:

### BACKGROUND

1. Plaintiff/Movant is a purported creditor and/or contingent creditor of the Debtor. Movant has a genuine legal protectable interest in the said matter. Jeffrey M. Mize is the lawful husband of Deborah L. Drace-Mize. The sub-trust of Deborah is a beneficiary and is an equal shareholder of the Corporation allocated from the Trust of Jane Ambruster Beard, (1980). Movant resides in the State of Wisconsin and was not made aware in a timely fashion of the matter before the Court.

1

2. On September 3, 2020 the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 sub-chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri.

3. On October 13, 2020, the Debtor's meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting"). The debtor, nor any other person on behalf of the debtor provided proper Notice to the Plaintiff/Movant.

4. On December 21, 2020 a Chapter 11 Re-organization Plan (hereinafter "the plan") was filed in the above said Court. The plan was drafted and prepared by Angela Jansen, Attorney for the debtor.

**OBJECTION**

1. The Plan contains numerous misrepresentations throughout the writings of Angela Jansen, Attorney. "The Plan" on pg. 1 indicates that Robert J. Ambruster, Inc., is a Missouri Corporation in "good standing". This assertion by Angela Jansen, Attorney is falsely provided and meant to mislead this Court of the true "issues of fact". The "Good Standing" procurement was obtained by fraudulent misrepresentation and in violation of Missouri Corporate Law under § 351 RSMo., and in violation of the Corporate By-Laws (1931) from 2011-2018. At no time during the duration of the operation procedures from 2011-2018 was there ever any lawful corporate meetings convened by Robert C. Drace or held for the purposes of the lawful appointment of directors and officers as required by Missouri Law and the Corporate By-Laws. (Emphasis Added). For the representation of "Good Standing" to be made here to this Court, and the Missouri Secretary of State required meetings to be held. The representations here require the production of the Corporate Books and Records. Plaintiff/ Movant contends that there was a meeting that was orchestrated and convened was by David DuRee in 2016 and another one was held that was orchestrated by WasingerDaming, LC., on August 11, 2019 that was done to cover-up the fraudulent representations made to the Missouri Secretary of State from 2011-2018 by Robert C. Drace and Michael K. Daming, Attorney.

2. On or about 8-10-2020 a meeting of the Directors was properly convened at the principal place of business. During said meeting Robert C. Drace was removed as President of RJA. Inc., by quorum vote. Plaintiff/Movant contends that the only legal method of validation of Robert

2

Drace as President by this Court is through the Corporate Books and Records (Corporate Meeting Minute Books) of the debtor. These Books and Records are required by all corporations operating lawfully in the State of Missouri. These Books and Records have been concealed from the Plaintiff/Movant for several years after repeated requests to both the debtor and Robert C. Drace have fallen on deaf ears. The failure of disclosure also constitutes a misrepresentation and provides the appearance of a fraud on the court both State and Federal. The only corporate minute books ever produced is the one executed by Deborah Drace in 2017. Where the meeting minutes of 8-10-2010 was properly entered and provided to this Court.

Thus, warrants an independent adversary proceeding and a 2004 Examination to test the validity of the assertion being made in a bankruptcy procedure of not only the assertion of "Good Standing", but the representation of Robert C. Drace as President of the debtor. This validation can only be accomplished by the production of the corporate books and records.

3. "The Plan" was not approved by the Board of Trustees, nor was it approved by the Board of Directors.

4. "The Plan" indicates the presence of only two (2) directors. Deborah Drace and Robert Drace. This is a false assertion. "The Plan" does not even mention the 3rd Director (Calvin Whittaker) who is the State Court Appointed Director and is still actively engaged as a Director.

5. "The Plan" provides a salary for Robert C. Drace in the amount of $5,000.00 a month. With deferred payments of $3500.00 to be paid upon the sale of the real property. This salary payment was not approved by the Board of Trustees, nor was it approved by the Board of Directors. "The Plan" provides for No salary to Deborah Drace equal that of Robert Drace. Missouri Law provides for Compensation to Deborah as Secretary and Director as approved by the Board of Trustees and the Board of Directors. Plaintiff/ Movant contends due to the past professional performance in the day-to-day operation of the debtor demonstrated by Robert Drace that resulted in this bankruptcy procedure is not entitled to any compensation. Robert Drace is not entitled to be responsible for the day-to-day operation of the debtor during this bankruptcy re-organization plan.

3

6. "The Plan" under the domination control of Robert C. Drace is poised for imminent failure based on the past professional performance of Robert C. Drace that resulted in a bankruptcy procedure.

7. "The Plan" indicates that Robert C. Drace has engaged in the rental and/or lease agreement with another funeral home (without naming the funeral home) to use the facility for a sum of $1800.00 a month. The agreement was not approved by the Board of Directors, nor was it approved by the Board of Trustees. This agreement under contract principals of law is in clear breach of the Affidavit Contract between Deborah Drace and Robert Drace dated October 6, 2011. In fact, Robert C. Drace, nor Angela Jansen, Attorney sought the approval of Deborah Drace as a shareholder to engage in any rental/lease agreement.

8. "The Plan" provides for payouts to unsecured creditors. Plaintiff/Movant contends that several listed unsecured creditors does not warrant payouts of any sort and these creditors must be discharged. The purported unsecured creditors are a fraudulent misrepresentation for personal enrichment. Thus, warrants an independent adversary proceeding and a 2004 Examination to test the validity of the assertion being made in a bankruptcy procedure as to the listed unsecured creditors of WasingerDaming, LC., Robert Drace, and Danka Brown. Not only to test the validity there, but to test the validity of the debt owed to the Plaintiff/Movant by the debtor in the amount of $1,000,000.00 for lost wages and to test the validity of the debt owed to Deborah Drace in the amount of $250,000.00 for lost wages. These purported debts have been concealed by the debtor. By the failure to disclose constitutes a misrepresentation.

9. "The Plan" provides for the continuation of the debtor under the domination control of Robert C. Drace. Robert C. Drace lacks sufficient competency to fulfill the commitments established by "the plan". Robert C. Drace should be medically evaluated to test his competency level. Further, the continuation of the Corporation was not approved by the Board of Directors, nor was it approved by the Board of Trustees. In fact, the Corporation is required to be voluntarily dissolved pursuant to the Board of Directors Meeting held on 8-10-2020. The Board voted by quorum vote to Dissolve the Corporation. This corporation is no longer legal to operate without the approval of the Board of Directors and the Board of Trustees that govern the corporation as a

Trust Asset of the Trust of Jane Ambruster Beard (1980). According to the language contained in the Trust. This corporation was to benefit both Robert Drace and Deborah Drace equally as 50% shareholders. Nothing in the provision of "the plan" provides any benefit to Deborah. The provisions only provided for Robert Drace and dischargeable purported creditors. This is a clear violation of "Grantor Intent". "Grantor Intent" is the controlling factor here and is controlling in all subject matters of litigation.

10. "The Plan" indicates that the corporation failed due to Covid-19, and was stable prior to the pandemic, but in fact, the Corporation has been failing under the domination control of Robert C. Drace for several years. Evidence of this fact is present by the failure to pay the required property taxes in the last 3 years which lead to a potential tax sale and the failure to pay bank loan payments that lead to foreclosure. All of which lead to the filing of this case.
Further, the corporation failed because Robert Drace abandoned the Corporation and his responsibilities owed to the Corporation, the shareholders, and the Trust of Jane Ambruster Beard (1980) and went to work at a gas station. Where he works today.
In fact, Robert C. Drace has embezzled corporate funds for purposes of a Florida Condo, home improvements on the Conway Lane property with no regard to the taxes or loan payments due. Robert Drace has provided No accounting of any kind. Robert C. Drace cannot even have the tax returns of 2018 and 2019 for the debtor done in a timely manner. These Tax returns are required in this case and are required to be furnished to Deborah Drace. Where are they??

11. "The Plan" indicates that the debtor will pay all creditors 100% either through Interest Holders, the sale of assets or revenue generated from business operations. The business was to be dissolved. "The Plan" indicates the debtor will make payments of $1800.00 a month to Citizens National Bank and the collector of revenue in the amount of $1000.00. "The Plan" also indicates debtor will make adequate payments to secured creditors. It has also been indicated to the U.S. Trustee during the 341 creditors meeting that until business picks up…Robert C. Drace will fund "the plan" out of his own pockets. Robert C. Drace has provided to this Court not one piece of evidence that supports his financial resources to satisfy the requirements of "the plan" to avoid complete failure and liquidation of the property by the Court through a Chapter 7 liquidation process. Further inquiry into the financial resources is required. Thus, warrants an independent

5

adversary proceeding and a 2004 Examination to test the validity of the assertion being made in a bankruptcy procedure of the financial resources of Robert C. Drace.

11. In short, the entire bankruptcy procedure has been fraudulently misrepresented from the infant stages of litigation for the sole benefit and personal enrichment of WasingerDaming, LC., Robert C. Drace, Danka Brown, and Angela Jansen. Leaving the Plaintiff/Movant and Deborah Drace out in the dark and shorthanded. Unacceptable.

## CONCLUSION

For the foregoing reasons and good cause shown. Plaintiff/Movant objection must be sustained and "the plan" must be rejected by this Court.

In the alternative, this Court should issue its Order for an adversary proceeding and a 2004 examination of Robert C. Drace to be conducted to validate the assertions and representations being made to a federal judge in a bankruptcy procedure of law.

Respectfully Submitted,
Jeffrey M. Mize, Plaintiff/Movant, Pro Se

## CERTIFICATE OF SERVICE and AFFIDAVIT

I, Jeffrey Mize, herein, certify by my signature below that I served upon all Attorneys of Record in said cause of action, as listed below, a true and correct copy of the foregoing. By either placing it in the U.S. Mail, with first-class postage pre-paid, or by E-Mail electronic delivery.

By my signature to below, I certify that I am the author of the foregoing instrument "Entry of Formal Written Objection" and that all information in said instrument is true and correct to the best of my knowledge, ability, and belief, and that I believe am entitled to relief sought. All done on this 4th day of January, 2021.

Respectfully Submitted,

Jeffrey Mize, Movant, Pro Se
7635 W. Shore Dr.
Egg Harbor, WI. 54209
920-868-0299
ambrustergreathall@gmail.com

CC:

Robert J. Ambruster, Inc.
6633 Clayton Rd.
St. Louis, Mo. 63117
   *Debtor,*


Angela Redden-Jansen, Attorney
3350 Greenwood Blvd.
Maplewood, Mo. 63143
*Attorney for Debtor*


Stephen D. Coffin, Trustee
The Small Business Law Center
2705 St. Peters-Howell Rd. Ste.# A
St. Peters, Mo. 63376


Joseph Richard Schlotzhauer, U.S. Trustee
United States Trustee Program
111 So. 10th St., Ste. 6.353
St. Louis, Mo. 63102

7