# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re | § |
| | § Case No. 20-44289-169 |
| Robert J. Ambruster, Inc., | § |
| | § Chapter 11 |
| Debtor. | § |
| | § Re:  Doc. Nos. 200, 209, 221, 240, 243 |

## ORDER DISMISSING BANKRUPTCY CASE

Robert J. Ambruster, Inc. (the "Debtor") commenced its bankruptcy case, docketed as case number 20-44289-169 (the "Case"), under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on September 3, 2020 ("Petition Date").  Doc. No. 1.  The Debtor elected to proceed under Subchapter V of the Bankruptcy Code.  Doc. No. 4 at 2.

On March 30, 2021, Wasinger Daming LC, a creditor, filed its Motion for Order Converting Case to Chapter 7 by Wasinger Daming, LC (the "Creditor Motion").  Doc. No. 200.  The Creditor Motion seeks this Court's order converting the Case to a Chapter 7 bankruptcy case for cause under section 1112(b) of the Bankruptcy Code.  Id. at 1.  The Creditor Motion asserts the Debtor had been and was operating at a loss and lacked a reasonable likelihood of rehabilitation.  Id. at 3, ¶¶ 15-16.  The Creditor Motion further asserts conversion to a Chapter 7 and thus liquidation of the Debtor's assets presents the opportunity for "substantial, perhaps complete, recovery by the unsecured creditors".  Id. at 3, ¶ 17.

On April 2, 2021, the Office of the United States Trustee ("UST") filed its Motion to Convert Case to Chapter 7, or, In the Alternative, to Dismiss (the "UST Motion").  Doc. No. 209.  The UST Motion seeks this Court's order under section 1112(b) of the Bankruptcy Code converting the Case to a Chapter 7 bankruptcy case for cause or, alternatively, dismissing the Case.  Id. at 1-2.  The UST Motion asserts that the Debtor is unable to effectuate a plan to reorganize, the

Debtor failed to file monthly operating reports, and the Debtor continues to operate a loss and has no ability to rehabilitate. Id. at 2-9, ¶¶ 4-34. The UST Motion further asserts that "no special circumstances" exist that show "dismissal or conversion would be contrary to the best interests of the Debtor's creditors". Id. at 9, ¶ 35.

On April 8, 2021, Deborah Drace, pro se ("Ms Drace"), filed a pleading titled as her Motion to Dismiss and/or Motion for Extension of Time/Motion for suspension (the "Deborah Drace Motion to Dismiss"). Doc. No. 221. In part, the Deborah Drace Motion to Dismiss sought dismissal of the Case, primarily to avoid the Case's conversion to one under Chapter 7 of the Bankruptcy Code. See id. at 1, ¶ 1; at 5, ¶ 15. The Deborah Drace Motion to Dismiss also sought additional time for the Debtor to "regroup" from its prior counsel's withdrawal in the Case. Id. at 5, ¶ 16.

On April 28, 2021, Ms Drace filed a pleading titled Combined Motion for INJUNCTIVE and Emergency Protection Order and relief to terminate Robert Drace and Danka Brown residence and bank account access and Employment of Danka Brown and Request for Reimbursement from the Debtor Accounts and Exhibits in Support for Evidence purpose and Motion for Extension of Time [sic] (the "Injunctive Motion"). Doc. No. 240. On April 30, 2021, Deborah Drace also filed a pleading entitled Combined Emergency Request for Temporary Restraining Order and or Protection Order and for Order to Freeze ALL Debtor Financial Accounts Motion to Reconsider Courts Decision to Cause Order to Dismiss or Convert to Chapter 7 to allow a Continuance for Chapter V Reorganization [sic] (the "TRO Motion"). Doc. No. 243.

Both the Injunctive Motion and the TRO Motion comprise motions by a non-debtor seeking injunctive or other equitable relief against other non-debtors. See Doc. Nos. 240, 243. Moreover,

2

the TRO Motion requests an order waiving any filing fee required if the Debtor files a subsequent bankruptcy case.  See Doc. No. 243 at 13.

This Court heard the Creditor Motion and the UST Motion at hearings that commenced on April 27, 2021 and concluded on April 29, 2021.  This Court read its ruling on those Motions into the record on May 3, 2021.

For the reasons set forth on the record at hearing on April 27, 2021, the Motion to Dismiss and/or Motion for Extension of Time/Motion for suspension [sic] [Doc. No. 221] is **DENIED IN PART** as to its request to continue the hearings on the Creditor Motion and the UST Motion.  In addition, the oral motions of Jeffrey Mize and Deborah Drace for this Court to reconsider that denial in part of the Motion to Dismiss and/or Motion for Extension of Time/Motion for suspension [sic] [Doc. No. 221] are **DENIED**.

This Court further **ORDERS** that, for the reasons set forth on the record on April 29, 2021 and May 3, 2021, all requests for injunctive or other equitable relief made in the Combined Motion for INJUNCTIVE and Emergency Protection Order and relief to terminate Robert Drace and Danka Brown residence and bank account access and Employment of Danka Brown and Request for Reimbursement from the Debtor Accounts and Exhibits in Support for Evidence purpose and Motion for Extension of Time [sic] [Doc. No. 240] and the Combined Emergency Request for Temporary Restraining Order and or Protection Order and for Order to Freeze ALL Debtor Financial Accounts Motion to Reconsider Courts Decision to Cause Order to Dismiss or Convert to Chapter 7 to allow a Continuance for Chapter V Reorganization [sic] [Doc. No. 243] are **DENIED** as **PROCEDURALLY IMPROPER**.  In addition, the request for a filing fee waiver for any subsequent bankruptcy filing by the Debtor contained in the Combined Emergency Request for Temporary Restraining Order and or Protection Order and for Order to Freeze ALL Debtor

3

Financial Accounts Motion to Reconsider Courts Decision to Cause Order to Dismiss or Convert to Chapter 7 to allow a Continuance for Chapter V Reorganization [sic] [Doc. No. 243] is **DENIED** as **UNRIPE**.

This Court further **ORDERS** that, for the reasons set forth on the record in detail on May 3, 2021, the Motion for Order Converting Case to Chapter 7 by Wasinger Daming, LC [Doc. No. 200] is **DENIED**.

This Court further **ORDERS** that, for the reasons set forth on the record in detail on May 3, 2021, the United States Trustee's Motion to Convert Case to Chapter 7, or, In the Alternative, to Dismiss [Doc. No. 209] is **GRANTED IN PART** and **DENIED IN PART**.  This Case shall be, and is, **DISMISSED** for cause pursuant to 11 U.S.C. § 1112(b) because the Debtor, a Missouri corporation, lacks representation by licensed legal counsel in the Case and pursuant to 11 U.S.C. § 1112(b)(4)(A), (F), and (H) for the grounds enumerated in those statutory subsections.  All other relief requested in the United States Trustee's Motion to Convert Case to Chapter 7, or, In the Alternative, to Dismiss [Doc. No. 209] is **DENIED**.

This Court further **ORDERS** that any final professional or other fee applications and/or administrative expense applications in this Case must be **FILED** with this Court on or before June 2, 2021.  Parties seeking an order approving professional fees or administrative expenses must request a hearing date from the assigned courtroom deputy before filing their application for those items and will be required to notice out and serve their applications for objection and hearing in accord with the Local Rules of the United States Bankruptcy Court for the Eastern District of Missouri.

This Court further **ORDERS** that all other matters currently pending in this Case are **DENIED** as **MOOT**.

This Court further and finally **ORDERS** that this ruling does not automatically dismiss the pending adversary proceeding docketed before this Court as <u>Mize v. Drace</u>, No. 21-04013-169. That adversary proceeding will continue subject to further action in that proceeding by this Court or the parties.

DATED: May 3, 2021  
St. Louis, Missouri  
mtc

BONNIE L. CLAIR  
United States Bankruptcy Judge

**Copies to:**

All creditors and parties in interest