UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re | § |
| | §   Case No. 20-44289-169 |
| **Robert J. Ambruster, Inc.,** | § |
| | §   Chapter 11, Subchapter V |
| Debtor. | § |
| | §   Re: Doc No. 250 |
| | § |
| | §   FOR PUBLICATION |

<u>**OPINION AND ORDER DENYING MOTION TO RECONSIDER**</u>

**I.     BACKGROUND**

Robert J. Ambruster, Inc. (the "<u>Debtor</u>") commenced its bankruptcy case, docketed as case number 20-44289-169 (the "<u>Case</u>"), under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>" or the "<u>Code</u>") on September 3, 2020 ("<u>Petition Date</u>"). Doc. No. 1.[1] The Debtor elected to proceed under Subchapter V of the Bankruptcy Code. Doc. No. 4 at 2.

**A.     The Subchapter V Trustee Fee Order**

On September 4, 2020, the Office of the United States Trustee (the "<u>UST</u>") appointed Stephen D. Coffin as the Subchapter V Trustee in this Case (the "<u>Trustee</u>"). Doc. No. 3 at 1. The Notice of Appointment of Subchapter V Trustee designated the Trustee's appointment "[p]ursuant to 11 U.S.C. § 1183(a)" of the Bankruptcy Code. <u>Id</u>.

On January 30, 2021, the Trustee filed his "First Interim Fee Application of Subchapter V Trustee for Order Approving Trustee Fees as a Chapter 11 Administrative Expense" (the "<u>Fee Application</u>"). Doc. No. 95. In the Fee Application, the Trustee requested that this Court approve

---

[1] References to "Doc. No. ___" in this Order are to documents entered upon this Court's docket in the Case. References to "D.E. __/__/__" in this Order are to text entries located and dated on this Court's docket. This Court uses these references to enhance the clarity of the record in proceedings before it.

1

the fees and expenses he incurred while performing his duties as Trustee in the Case between September 4, 2020 and January 30, 2021. Id. at 1-2, ¶ 4. The Fee Application sought approval of $3,504.00 in fees for services the Trustee rendered in the Case and $39.60 in expense reimbursement for postage used to serve the Fee Application for a total of $3,543.60. Id. The Fee Application stated that the Trustee sought compensation for fees and reimbursement of expenses under section 330 of the Bankruptcy Code, Id. at 1, ¶ 3, as well as allowance of those fees and expenses as a Chapter 11 administrative expense in the Case. Id. at 2.

Exhibit A to the Fee Application comprised a "Time Worksheet" detailing the tasks performed by the Trustee. Id. at 6-7. Exhibit A contained time entries broken down by service category; each time entry included the date of the task, a description of the task, the time devoted to the task reported in tenths of an hour increments, the hourly rate of the person performing the task, and the charge for each task. Id. Exhibit A showed a total of 14.6 hours spent on all listed tasks at a rate of $240.00 per hour and calculated the total charges listed as $3,504.00. Id. at 7.

The Trustee noticed the Fee Application out for hearing scheduled on March 9, 2021. Doc. No. 96 at 1. The Certificate of Service for the hearing notice for the Fee Application shows the Trustee served that notice on all creditors and parties in interest. Id. at 2-5.

On February 10, 2021, Deborah Drace, a self-represented party in interest ("Ms. Drace"), filed her "Combined Objection to First Interim Fee Application of Subchapter V Trustee for Order Approving Trustee Fees as a Chapter 11 Administrative Expense and Objection to Petition, Schedules, Affidavits, and Plan" (the "Combined Objection"). Doc. No. 102. The Combined Objection asserted that the UST should have appointed the Trustee under 28 U.S.C. § 586(b) and appeared to object to the Trustee's appointment on that basis. Id. at 3, ¶ 3. The Combined Objection

also asserted that 28 U.S.C. § 586(b) limited the Trustee's fees to those allowed to a standing trustee, capped at five percent of payments under a confirmed plan. Id. at 3, ¶ 4.

The Combined Objection also took issue with certain specified charges for tasks the Trustee performed and listed on Exhibit A to the Fee Application. Those charges included (1) a charge on January 26, 2021 for $768.00 for 3.2 hours of time spent attending hearings on a motion for relief from stay and related motions filed by self-represented party Jeffrey Mize ("Mr. Mize");[2] (2) a charge on January 21, 2021 for $240.00 for one hour of time spent researching and drafting an objection to Mr. Mize's motion for relief from stay; (3) a charge on November 23, 2020 for $96.00 for a four-tenths of an hour telephone call with both Ms. Drace and Mr. Mize regarding their purported claims against the Debtor and Robert Drace, one of its insiders and Ms. Drace's sibling; (4) a charge on October 19, 2020 for $72.00 for a three-tenths of an hour telephone call with the Debtor's then-counsel regarding the reorganization plan, creditor objections, and claim issues;[3] (5) a charge on October 12, 2020 for $24.00 for a one-tenth of an hour telephone call with the Debtor's then-counsel regarding Ms. Drace's appearance at the meeting of creditors; and (6) other unspecified time entries charged for communications between the Trustee and the Debtor's then-counsel. Doc. No. 102 at 3-6, ¶¶ 5-9; Doc. No. 95, Exh. A at 6-7. Without specifying the particular time entries at issue, the Combined Objection also objected to any fees associated with the Trustee's appearance at the meeting of creditors and objected to the Trustee's work because he

---

[2] The Combined Objection fails to mention that Mr. Mize is Ms. Drace's spouse or that Mr. Mize bases his purported standing and asserted claims in the Case in large part upon their marriage and his role as the father of children from that marriage. See, e.g., Doc. No. 64 at 2 (alleging that Jeffrey Mize has a protectible interest in the Case as a result of being "the lawful husband of Deborah L. Drace-Mize," who in turn allegedly is a shareholder of the Debtor). The docket in the Case does not reflect any objections by Ms. Drace to any of Mr. Mize's motions or other papers.

[3] This Court subsequently granted the Debtor's then-counsel's Motion to Withdraw as Counsel for Debtor, Robert J. Ambruster, Inc. [Doc. No. 162] on April 2, 2021. Doc. No. 212.

had not performed tasks that Ms. Drace deemed necessary, including compelling other creditors to speak with her, watching a video of one of the Debtor's board meetings, and compelling the Debtor to file tax returns. Doc. No. 102 at 6-10, ¶¶ 9-15.

This Court held a hearing on the Fee Application on March 9, 2021. Doc. Nos. 148, 149 (comprising audio recordings of the March 9, 2021 hearings). The Trustee and counsel for the UST appeared by telephone,[4] while Ms. Drace, Mr. Mize, and the Debtor's then-counsel appeared in person. Id. The Trustee presented his argument in support of the Fee Application at the hearing. Id. Neither the Debtor nor the UST objected to allowance of the requested fees or the grant of an administrative priority for those fees. Id. Ms. Drace argued in support of the Combined Objection. Id. In addition, Mr. Mize orally objected to the Fee Application and provided argument to this Court on the record. Id. This Court then took the Fee Application and the Combined Objection under submission. Id.

This Court entered its "Order Granting First Interim Fee Application of Subchapter V Trustee for Order Approving Trustee Fees as a Chapter 11 Administrative Expense" (the "Subchapter V Trustee Fee Order") on April 29, 2021. Doc. No. 241. The Subchapter V Trustee Fee Order analyzed the Trustee's appointment requirements under sections 326, 328, 329, and 330 of the Bankruptcy Code, and the then-available case law on those issues. Id. at 4-8. The Subchapter V Trustee Fee Order then evaluated the reasonableness of the fees requested in the Fee Application and this Court found no support for the numerous propositions within the Combined Objection or the oral objections to the Fee Application. Id. at 8-11. This Court approved the Trustee's fees and

---

[4] Pursuant to the Order/s of Chief Judge Rodney W. Sippel, Chief United States District Judge for the Eastern District of Missouri regarding Courthouse Operations Due to COVID-19 Response, this Court permitted telephonic appearances by parties to civil litigation matters at the time of the March 9, 2021 hearing.

4

expenses in the total amount of $3,543.60 under section 330(a)(1) of the Bankruptcy Code, allocated those fees and expenses administrative priority under section 503(b) of the Code, and explicitly overruled the Combined Objection and oral objections to the Fee Application. Id. at 11-12.

### B. The Dismissal Order

On March 30, 2021, Wasinger Daming LC, a creditor in the Case, filed its "Motion for Order Converting Case to Chapter 7 by Wasinger Daming, LC" (the "Creditor Motion"). Doc. No. 200. The Creditor Motion sought an order converting the Case to a Chapter 7 bankruptcy case for cause under section 1112(b) of the Code. Id. at 1, 3. The Creditor Motion asserted the Debtor had been and was operating at a loss and lacked a reasonable likelihood of rehabilitation. Id. at 3, ¶¶ 15-16. The Creditor Motion further asserted that conversion of the Case to one under Chapter 7 of the Bankruptcy Code and liquidation of the Debtor's assets presented an opportunity for "substantial, perhaps complete, recovery by the unsecured creditors." Id. at 3, ¶ 17.

On April 2, 2021, the UST filed its "Motion to Convert Case to Chapter 7, or, In the Alternative, to Dismiss" (the "UST Motion"). Doc. No. 209. The UST Motion sought an order under section 1112(b) of the Code converting the Case to a Chapter 7 bankruptcy case for cause or, alternatively, dismissing the Case. Id. at 1-2. The UST Motion asserted that the Debtor stood unable to effectuate a plan of reorganization, failed to file required monthly operating reports, continued to operate at a loss, and lacked any ability to rehabilitate. Id. at 2-9, ¶¶ 4-34. The UST Motion further asserted that "no special circumstances" existed to show "dismissal or conversion would be contrary to the best interests of the Debtor's creditors." Id. at 9-10, ¶ 35.

On April 8, 2021, Ms. Drace filed a pleading titled as "Motion to Dismiss and/or Motion for Extension of Time/Motion for suspension" [sic] (the "Drace Motion to Dismiss"). Doc. No.

5

221. In part, the Drace Motion to Dismiss sought dismissal of the Case, primarily to avoid the Case's conversion to one under Chapter 7 of the Bankruptcy Code. See id. at 1, ¶ 1; at 5, ¶ 15. The Drace Motion to Dismiss also sought additional time for the Debtor to "regroup" from its prior counsel's withdrawal in the Case. Id. at 5, ¶ 16.

On April 28, 2021, Ms. Drace filed a pleading titled as "Combined Motion for INJUNCTIVE and Emergency Protection Order and relief to terminate Robert Drace and Danka Brown residence and bank account access and Employment of Danka Brown and Request for Reimbursement from the Debtor Accounts and Exhibits in Support for Evidence purpose and Motion for Extension of Time" [sic] (the "Injunction Motion"). Doc. No. 240. On April 30, 2021, Deborah Drace also filed a pleading entitled "Combined Emergency Request for Temporary Restraining Order and or Protection Order and for Order to Freeze ALL Debtor Financial Accounts Motion to Reconsider Courts Decision to Cause Order to Dismiss or Convert to Chapter 7 to allow a Continuance for Chapter V Reorganization" [sic] (the "TRO Motion"). Doc. No. 243. Both the Injunction Motion and the TRO Motion comprised motions by a non-debtor seeking injunctive or other equitable relief against other non-debtors. Doc. Nos. 240, 243. The TRO Motion also requested an order waiving any required filing fee if the Debtor filed a subsequent bankruptcy case. Doc. No. 243 at 13.

This Court heard the Creditor Motion and the UST Motion at hearings that commenced on April 27, 2021 and concluded on April 29, 2021. Doc. Nos. 238, 242 (comprising audio recordings of hearings). This Court read its ruling on the Creditor Motion and the UST Motion into the record on May 3, 2021. Doc. No. 247. On May 3, 2021, this Court memorialized the oral rulings made at the April 27, April 29, and May 3, 2021 hearings and entered its Order Dismissing Bankruptcy Case (the "Dismissal Order"). Doc. No. 248. The Dismissal Order memorialized the oral rulings'

6

denial of extensions of time and requests for injunctive or equitable relief contained in the Injunction Motion and the TRO Motion, oral motions for reconsideration by Ms. Drace and Mr. Mize, and the Creditor Motion. Id. at 3-4. In the Dismissal Order, this Court denied the Injunction Motion and the TRO Motion specifically for being brought in procedurally improper formats and denied the TRO Motion's request for a fee waiver for being unripe. Id. at 3-4. The Dismissal Order granted the UST Motion to the extent it requested dismissal of the Case for cause and denied the UST Motion to the extent it requested conversion of the Case. Id. at 4. The Dismissal Order then denied all other then-pending matters in this Case as moot. Id.

### C. The Motion to Reconsider

On May 27, 2021, Ms. Drace filed a pleading entitled "Motion to Reconsider Order to Award Trustee to collect Administrative Fees and Motion to reconsider order to Moot all Pending Motions" [sic] (the "Motion to Reconsider"). Doc. No. 250. The Motion to Reconsider asserts that Ms. Drace brought the pleading

> pursuant to the Local Rules of Bankruptcy Procedure, the Rules under the Federal Rules of Bankruptcy , Missouri Court Rule, and all rules pertaining to a Trustee in a Subchapter V Bankruptcy, more specifically under the handbook for Subchapter V Trustees prepared by the Department of Justice, 11 USC at 326a 326b (first part), and federal rules for due process violations and 1983 actions [sic].

Id. at 1. The Motion to Reconsider alleges that this Court made various errors or abused its discretion when it entered the Subchapter V Trustee Fee Order and overruled the Combined Objection. Id. at 1-2, ¶¶ 1-2. The Motion to Reconsider proceeds to reiterate the same arguments listed in the Combined Objection and overruled in the Dismissal Order. Id. at 1-4, ¶¶ 2-8; at 5-6. The Motion to Reconsider also appears to challenge the denial of any remaining matters pending as of the entry of the Dismissal Order as moot but does not present any new facts or evidence not previously in the record. Id. at 3-4, ¶ 8. The Motion to Reconsider also attempts to reargue the

7

Injunction Motion and the TRO Motion, asserting that Ms. Drace's pro se status warrants this Court's "broad discretion." Id. at 4, ¶ 9. Moreover, the Motion to Reconsider appears to aver that this Court should make an additional ruling on the Fee Application and the Combined Objection so that Ms. Drace can appeal them. Id. at 5-6, ¶ 12

## II.     APPLICABLE LAW

Bankruptcy courts view motions to reconsider as motions seeking to alter or amend a judgment governed by Federal Rule of Civil Procedure 59(e) or as motions seeking relief from a judgment or order governed by Federal Rule of Civil Procedure 60 (each a "Rule"), as respectively incorporated in bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 9023 or 9024 (each a "Bankruptcy Rule"). Sanders v. Clemco Inds., 862 F.2d 161, 168 n.3 (8th Cir. 1988); Paulson v. United States Trustee (In re Paulson), 560 B.R. 317, 322-23 (B.A.P. 8th Cir. 2019). In instances like this one where a litigant fails to identify the authority for a so-called motion to reconsider, the litigant leaves "the characterization of the motion to the court's somewhat unenlightened guess." Sanders, 862 F.2d at 168. This failure runs the risk that the litigant "may lose the opportunity to present the merits underlying the motion to an appellate court." Barger v. Hayes Cty. Non-Stock Co-op (In re Barger), 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998).

### A.     Bankruptcy Rule 9023 and Rule 59(e)

Bankruptcy Rule 9023 and Rule 59(e) operate as procedural rules, providing a litigant twenty-eight days to docket a motion to alter or amend a judgment. FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023. Courts view Rule 59(e)'s relief as a tool to serve the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal punctuation and citation omitted). A "manifest error" is the wholesale disregard,

misapplication, or failure to recognize controlling precedent, rather than a losing party's disappointment. Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

A litigant may not use a Rule 59(e) motion to relitigate old issues, present previously available evidence, or present new legal theories and argument that a party failed to present before judgment. Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018); see also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934 (8th Cir. 2006). As a result, a successful Rule 59(e) motion requires the moving party to satisfy the burden of proof to show (1) evidence discovered after entry of the court's prior order; (2) proof that the litigant made every effort to discover the specific evidence before the entry of the order; (3) demonstration that the specific evidence constitutes material information and not just cumulative or impeaching information; and (4) analysis that the court considering the evidence likely would reach a different outcome. Metro. St. Louis Sewer Dist., 440 F.3d at 933; see also U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003) (discussing factors a litigant must present to prevail under a motion brought under Rule 60(b)(2), which are the same as those under Fed. R. Bankr. P. 9024 and Rule 59(e)).

### B. Bankruptcy Rule 9024 and Rule 60

Relief under Bankruptcy Rule 9024 and Rule 60 may arise in one of two situations. FED. R. CIV. P. 60; FED. R. BANKR. P. 9024. Rule 60(a) offers a litigant relief to correct a clerical error, while Rule 60(b) offers grounds for a litigant to seek relief from a final order, judgment, or other proceeding. FED. R. CIV. P. 60; Metro. St. Louis Sewer Dist., 440 F.3d at 933. A court need not analyze Rule 60(a) absent an allegation of clerical mistake. FED. R. CIV. P. 60. Rule 60(b) provides grounds for relief when the evidence shows

(1) mistake, inadvertence, surprise, or excusable neglect;

9

(2) newly found evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reasons that justifies relief.

FED. R. CIV. P. 60(b); FED. R. BANKR. P. 9024 (stating that Rule 60(b) applies to bankruptcy cases).

In a Rule 60(b) motion, the burden of proof rests on the moving party to show by clear and convincing evidence that grounds exist to provide relief from a court's order or judgment. Metro. St. Louis Sewer Dist., 440 F.3d at 933. Relief under Rule 60(b) comprises an extraordinary remedy that may not substitute for an appeal. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004). Failure to identify the grounds for reconsideration or attempts to reargue previously rejected positions warrant the denial of a motion to reconsider. Sanders, 862 F.2d at 170; see also Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984) (explaining that a litigant who reargues positions from earlier motions or that raises argument available in earlier motions cannot prevail on a motion for reconsideration); Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980) (affirming denial of a Rule 60(b) motion that failed to identify any reason to reconsider); Kieffer v. Riske (In re Kieffer-Mickes, Inc.), 226 B.R. 204, 210 (B.A.P. 8th Cir. 1998) (explaining that mere complaints about the outcome of a matter do not warrant reconsideration).

### III. DISCUSSION

This Court first looks to the Motion to Reconsider's argument that this Court should provide substantially more latitude to Ms. Drace due to her pro se status. Doc. No. 250 at 4, ¶ 9. Law in the Eighth Circuit recognizes that this Court "need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what" relief the Motion to Reconsider seeks. Conway

10

v. Heyl (In re Heyl), 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019). After all, "[a] litigant, even a pro se one, bears some responsibility for advocating" for herself. Heyl, 609 B.R. at 202; see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that courts need not "supply additional facts" or "construct a legal theory" when a pro se litigant fails to assert their own interests adequately). Although the Motion to Reconsider requests that this Court provide orders explicitly denoted as appealable, Doc. No. 250 at 5, this Court need not advocate on Ms. Drace's behalf by identifying any order as "appealable" as demanded in the Motion to Reconsider. Doc. No. 241 at 12, ¶ 1; see, e.g., In re Heyl, 609 B.R. at 202 (explaining that a court need not declare its orders "appealable" because pro se litigants may read the federal rules and determine their own appellate rights). Ms. Drace must advocate for herself—with the assistance of any legal counsel she chooses to engage—and make determinations regarding her appellate rights without this Court's directions.

This Court next looks to ascertain what the Motion to Reconsider seeks as relief. The title of the Motion to Reconsider purports to challenge two orders: (1) the entirety of the Subchapter V Trustee Fee Order, and (2) the portion of the Dismissal Order that denied all pending matters before this Court as moot. Doc. No. 250 at 1. However, the body of the Motion to Reconsider substantively challenges far more, by also addressing the denial of the Injunction Motion and TRO Motion as mooted by the Dismissal Order. Id. at 4, ¶ 9. The Motion to Reconsider then moves beyond any request for reconsideration of this Court's previous orders as it makes substantive arguments, requests relief for an alleged lack of due process, and appears to request additional litigation regarding a trust. Doc. No. 250 at 5-6.

This Court must now determine which Rule applies to the Motion to Reconsider. Ms. Drace filed the Motion to Reconsider twenty-eight days after this Court docketed the Subchapter V Trustee Fee Order and twenty-four days after this Court docketed the Dismissal Order. Compare

11

Doc. No. 250 (filed on May 27, 2021), with Doc. No. 241 (docketed on April 29, 2021), and Doc. No. 248 (docketed on May 3, 2021). Despite the docketing of the Motion to Reconsider within the timeframe of Rule 59(e), the Motion to Reconsider fails to identify any manifest error regarding the Subchapter V Trustee Fee Order or the Dismissal Order. Innovative Home Health Care, 141 F.3d at 1286. The Motion to Reconsider also fails to identify the existence of new evidence or how any new evidence would satisfy the test applied in the Eighth Circuit on a motion to alter or amend a judgment. See U.S. Xpress, 320 F.3d at 815 (discussing factors a litigant must present to prevail under a motion brought under Rule 60(b)(2), which are the same under Rule 59(e)). Nothing in the Motion for Reconsideration provides a basis for relief under Rule 59(e)

As for relief under Rule 60, the Motion to Reconsider fails to plead any of the grounds found in Rule 60(a) or 60(b), and this omission alone permits the denial of the relief sought. Ciralsky v. LaBarge (In re Ciralsky), 281 B.R. 915, 917 (B.A.P. 8th Cir. 2002). Moreover, the Motion to Reconsider primarily reiterates the same arguments asserted in the Combined Motion, the TRO Motion, and the Injunction Motion, and contends that this Court ruled incorrectly on those arguments. Doc. No. 250. This Court previously ruled on those arguments in the Dismissal Order, Doc. No. 248, and disposed of those arguments. See Oto, 224 F.3d at 606; see also Ryan, 889 F.3d at 507 (rejecting attempts to relitigate previously adjudicated issues). The Motion to Reconsider also asserts that Ms. Drace did not receive notice of the Subchapter V Trustee Fee Order and that this lack of notice somehow entitles her to relief. Doc. No. 250 at 5, ¶ 11. This argument fails because the record reflects that the Bankruptcy Noticing Center served the Subchapter V Trustee Fee Order on Ms. Drace at her address of record in accordance with Bankruptcy Rule 9022(a). Doc. No. 245 at 16; FED. R. BANKR. P. 9022(a); see also Reichel v. Snyder (In re Reichel), 626 B.R. 34, 35 (B.A.P. 8th Cir. 2021) (explaining that complaints

12

regarding a lack of notice about a docket entry require evidence to contradict the bankruptcy court's own docket). Additionally, the Motion to Reconsider broadly argues that this Court committed a "reversible error" and abused its discretion regarding the Subchapter V Trustee Fee Order and the Dismissal Order. Doc. No. 250 at 1, ¶ 1; at 3, ¶ 5; at 5. Those assertions comprise complaints regarding the outcome of this Case and fail to provide a recognizable basis for any grant of a motion to reconsider. Design Classics v. Westphal (In re Design Classics), 788 F.2d 1384, 1386 (8th Cir. 1986).

To summarize, this Court denies the Motion to Reconsider for multiple reasons. First, the Motion to Reconsider fails to present any new evidence or meet the required standard for presenting new evidence for this Court to consider under Rule 59(e). Ciralsky, 281 B.R. at 917. Second, the Motion to Reconsider attempts to reargue and relitigate issues already adjudicated. Sanders, 862 F.2d at 170. Third, the Motion to Reconsider fails to plead any of the grounds available under Rule 60(a) or 60(b). Ciralsky, 281 B.R. at 917. Finally, the Motion to Reconsider comprises Ms. Drace's expression of unhappiness with this Court's rulings and their effects without alleging any viable basis for the grant of the relief sought in the Motion to Reconsider. Design, 788 F.2d at 1386; Kieffer, 226 B.R. at 210.

### IV. CONCLUSION

For the reasons set out above, this Court now **ORDERS** that the "Motion to Reconsider Order to Award Trustee to collect Administrative Fees and Motion to reconsider order to Moot all Pending Motions" [sic] [Doc. No. 250] is **DENIED IN FULL**.

DATED: September 1, 2023  
St. Louis, Missouri  
mtc

BONNIE L. CLAIR  
Chief United States Bankruptcy Judge

13

**Copies to:**

**Robert J. Ambruster, Inc.**
6633 Clayton Road
Saint Louis, MO 63117
**Debtor**

**Stephen D. Coffin**
2705 St. Peters-Howell Rd
Suite A
St. Peters, MO 63376
**Subchapter V Trustee**

**Deborah Drace**
7635 W. Shore Dr
Egg Harbor, WI 54209

**Robert Drace**
6633 Clayton Road
St Louis Mo 63117

**Jeffrey M Mize**
7635 W Shore Dr
Egg Harbor, WI 54209

**Angela Redden-Jansen**
3350 Greenwood Blvd.
Maplewood, MO 63143
**Debtor's Former Counsel**

**Joseph Richard Schlotzhauer**
111 South 10th Street Suite 6.353
Saint Louis, MO 63102
**Attorney for US Trustee**

**Office of US Trustee**
111 South 10th Street Suite 6.353
Saint Louis, MO 63102
**US Trustee**

All other creditors and parties in interest.

14