**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | § | |
| | § | **Case No. 20-44289-169** |
| **Robert J. Ambruster, Inc.** | § | |
| | § | **Chapter 11, Subchapter V** |
| | § | |
| **Debtor.** | § | **Re: Doc. Nos. 251, 252, 261, 262, 263** |

## ORDER REGARDING APPLICATION FOR COMPENSATION AND ACCOMPANYING OBJECTIONS

### I.    BACKGROUND

Robert J. Ambruster, Inc. (the "Debtor") commenced its bankruptcy case, docketed as case number 20-44289-169 (the "Case"), under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code" or the "Code") on September 3, 2020 (the "Petition Date").  Doc. No. 1.[1]  The Debtor elected to proceed under Subchapter V of the Bankruptcy Code.  Doc. No. 4 at 2.

On September 5, 2020, the Debtor filed its "Application of Debtor in Possession to Employ Counsel" (the "Application to Employ").  Doc. No. 5.  In that Application, the Debtor sought to employ Angela Redden-Jansen ("Ms. Redden-Jansen") as its counsel in the Case.  Id. at 1, 3.  This Court granted interim approval of the Application to Employ on the record at a hearing on September 8, 2020, and, subject to the Debtor filing an amended application, set that application for a final hearing on October 6, 2020.  Doc. No. 12.

On September 28, 2020, the Debtor filed an "Amended Application of Debtor in Possession to Employ Counsel."  Doc. No. 32.  Two days later, the Debtor filed another "Amended

---

[1] References to "Doc. No. ___" are to the location of a filed document on this Court's docket in the Case, while references to "Adv. Pro. Doc. No. ___" in this Order are to documents docketed in the associated adversary proceeding before this Court captioned Mize v. Drace, Adv. No. 21-4013-169 (Bankr. E.D. Mo.).  This Court includes these references to promote clarity.

Application of Debtor in Possession to Employ Counsel" (the "Amended Application to Employ").
Doc. No. 34.  This Court granted interim approval of the Amended Application to Employ on the
record at the October 6, 2020 hearing, Doc. No. 36, and this Court subsequently entered its "Order
Approving Amended Application of Debtor in Possession to Employ Counsel" (the "Employment
Order").  Doc. No. 198.  The Employment Order found that the Amended Application to Employ
superseded all other employment applications seeking to employ Debtor's counsel, id. at 1, and
clarified that the Amended Application to Employ sought approval of counsel's employment on
both an interim and final basis.  Id. at 1-2.  The Employment Order authorized Ms. Redden-
Jansen's employment retroactive to the Petition Date.  Id. at 2-3.  No party appealed the
Employment Order, and it stands final.

On March 15, 2021, Ms. Redden-Jansen filed her "Motion to Withdraw as Counsel for
Debtor, Robert J. Ambruster, Inc." (the "Motion to Withdraw").  Doc. No. 162.  The Motion to
Withdraw sought entry of an order permitting Ms. Redden-Jansen to withdraw from representing
the Debtor on multiple grounds.  See generally Doc. No. 212 at 1-2 (comprising Order Granting
Motion to Withdraw and recounting procedural history of Motion to Withdraw).  This Court
entered its scheduling order setting the Motion to Withdraw for a hearing on March 31, 2021, and
setting a March 29 deadline for parties in interest to file an objection or response to the motion.
Doc. No. 174 at 2-3.  No party filed a written objection or response to the Motion to Withdraw
before the hearing.

This Court heard extensive argument regarding the Motion to Withdraw on March 31,
2021, Doc. No. 203, and granted that Motion on the record.  Doc. No. 203; Doc. No. 212 at 7.  On
April 2, 2021, this Court entered its "Order Granting Motion to Withdraw as Counsel for Debtor,
Robert J. Ambruster, Inc. and Staying Case Activity Until April 27, 2021" (the "Withdrawal

Order"). Doc. No. 212. The Withdrawal Order memorialized this Court's ruling on the Motion to Withdraw. Id. at 7, 10. No party appealed the Withdrawal Order, and it also stands final.

As set forth in more detail on this Court's record, this Court dismissed the Case for cause on May 3, 2021 (the "Dismissal Order"). Doc. No. 248. The Dismissal Order required final professional or other fee applications and administrative expense applications to be filed with this Court by June 2, 2021. Id. at 4, ¶ 3. The Dismissal Order further required any filed fee application to be set for a hearing and served in accord with applicable law. Id. Service of the Dismissal Order occurred on all creditors and parties in interest in the Case. Id. at 5; Doc. No. 249 at 6-9 (comprising the Certificate of Service mailed by the Bankruptcy Noticing Center).

On June 2, 2021, Ms. Redden-Jansen filed her "Application for Allowance of Fees and Expenses Filed by Angela Redden-Jansen, Former Counsel for Debtor, and Notice of Hearing." Doc. No. 251. On June 4, 2021, Ms. Redden-Jansen docketed her "Amended Application for Allowance of Fees and Expenses Filed by Angela Redden-Jansen, Former Counsel for Debtor" (the "Attorney Fee Application"), Doc. No. 252, and her "Notice of Hearing and Summary of Application for Compensation and Reimbursement of Expenses" (the "Notice of Hearing"). Doc. No. 253. The Notice of Hearing listed July 2, 2021, as the deadline for objections to the Attorney Fee Application in multiple places. Id. at 1. The Notice of Hearing set the Attorney Fee Application for a hearing on July 13, 2021 (the "July 13, 2021 Hearing"). Id.

On July 7, 2021, self-represented party Deborah Drace[2] filed her "Combined Formal Objection to Attorney Angela Jansan Amended Application for allowance of fees and expenses filed by Angela Jansen, former attorney and Request for Evidentiary Hearing and Jurisdiction

---

[2] This Court refers to Deborah Drace and her mother, Patty Drace, both mentioned in this Order, by first and last names to ensure clarity of the record.

review" [sic] (the "<u>Combined Objection</u>"). Doc. No. 257. This Court understood an exhibit to the Combined Objection to comprise self-represented objector Patty Drace's joinder to the Combined Objection. Doc. No. 257, Exh. 1; Doc. No. 258 at 3. On July 12, 2021, this Court struck the Combined Objection, including any joinder by Patty Drace, as untimely and defective. Doc. No. 258 at 7-8. No other party filed an objection or other response to the Attorney Fee Application before the July 13, 2021 Hearing.

This Court held a hearing on the Attorney Fee Application as scheduled. Doc. No. 259 (comprising audio recording of July 13, 2021 Hearing). During that proceeding, this Court granted Ms. Redden-Jansen leave to supplement the Attorney Fee Application to address issues with the non-standard format it used to display time billed and with the lack of sufficient project billing. <u>Id.</u> Ms. Redden-Jansen agreed on the record to do so, indicating she previously provided additional information to supplement the Attorney Fee Application to the Office of the United States Trustee (the "<u>UST</u>"). <u>Id.</u> The UST maintained no objection to the Attorney Fee Application, due in part to Ms. Redden-Jansen's provided supplement. <u>Id.</u> This Court continued the hearing pending Ms. Redden-Jansen's supplement.

Deborah Drace and self-represented objector Jeffrey Mize ("<u>Mr. Mize</u>," together with Deborah Drace, the "<u>Objecting Parties</u>"), both orally objected to the continuance, requesting additional time to object to the supplement and an additional opportunity to object to the Attorney Fee Application. <u>Id.</u> This Court overruled the oral objections, authorized Ms. Redden-Jansen to file any supplement by July 16, 2021, and continued the hearing on the Attorney Fee Application to July 27 (the "<u>July 27, 2021 Hearing</u>"), with any objections to a supplement due by July 26. <u>Id.</u>

Ms. Redden-Jansen docketed her "Supplement to Fee Application" on July 16, 2021, Doc. No. 261, and filed a corrected form of the "Supplement to Fee Application" on July 19 (together,

the "Supplement to the Attorney Fee Application"). Doc. No. 262. The certificates of service in the Supplement to the Attorney Fee Application indicate Ms. Redden-Jansen mailed those documents to the Objecting Parties, Doc. No. 261 at 1-2; Doc. No. 262 at 1-2, and transmitted a courtesy copy of the corrected form of that supplement to the Objecting Parties by email. Doc. No. 262 at 13-14.

This Court received one written objection to the Supplement to the Attorney Fee Application: Deborah Drace's pleading entitled "Motion for Leave to File Out of Time: Combined Formal Objection to Supplement to Fee Application filed by Attorney Angela Jansan Amended Application for allowance of fees and expenses filed by Angela Jansen, former attorney, and Request for Evidentiary Hearing and Objection to Jurisdiction" [sic] (the "Objection to Attorney Fees") on July 26, 2021. Doc. No. 263. The Objection to Attorney Fees acknowledged receipt of the Supplement to the Attorney Fee Application. Id. at 1.

The Objection to Attorney Fees lacked specific objections to any particular entry or entries in the Attorney Fee Application or the Supplement to the Attorney Fee Application, specific objections based on any provision of the Bankruptcy Code, or any citations to caselaw supporting its assertions. Instead, the Objection to Attorney Fees contained generalized complaints expressing Deborah Drace's dissatisfaction with Ms. Redden-Jansen's service as the Debtor's counsel. Id. The Objection to Attorney Fees reiterated Deborah Drace's disagreement with this Court's decision to permit Ms. Redden-Jansen to supplement the Attorney Fee Application, this Court's jurisdiction to hear the Attorney Fee Application, and this Court's continuance of the hearing on the Attorney Fee Application. Id. at 1-7. The Objection to Attorney Fees also sought affirmative relief consisting of disgorgement of fees and a jurisdictional review. Id. at 7. Deborah

Drace did not file any proposed exhibit list, witness list, or other document demonstrating an intent to present evidence at the July 27, 2021 Hearing.  Id.

On July 27, Ms. Redden-Jansen appeared in person for the hearing on the Attorney Fee Application.  Doc. No. 264 (comprising audio recording of the July 27, 2021 Hearing).  Stephen Coffin, the Subchapter V Trustee (the "Subchapter V Trustee"), counsel for the UST, Deborah Drace, and Mr. Mize all appeared telephonically.[3]  Id.

Ms. Redden-Jansen presented argument and requested this Court grant the Attorney Fee Application and find the requested $45,272.50 fee reasonable in light of the nature of the Case.  Id. Ms. Redden-Jansen noted that all parties in interest received notice of the July 13, 2021 Hearing and the July 27, 2021 Hearing, and therefore those parties received two opportunities to object and designate exhibit lists, witness lists, or other evidence for this Court to consider regarding the Attorney Fee Application.  Id.  The Subchapter V Trustee stated that he found the amount requested reasonable given the facts and circumstances surrounding the Case.  Id.  Counsel for the UST stated that, after reviewing the Attorney Fee Application and the Supplement to the Attorney Fee Application, as well as other information not docketed with this Court, the UST did not view the request as a violation of the applicable fee guidelines and did not object to the amount requested. Id.

The Objecting Parties acknowledged receipt of the Supplement to the Attorney Fee Application on the record.  Id.  The Objecting Parties each objected to the Supplement to the Attorney Fee Application on the record.  Id.  Deborah Drace's oral objection focused predominantly on the same assertions made in her Objection to Attorney Fees.  Id.  Mr. Mize

---

[3] Parties were permitted to appear telephonically under the applicable Order/s of Chief Judge Rodney W. Sippel, Chief United States District Judge for the Eastern District of Missouri regarding Courthouse Operations Due to COVID-19 Response.

admitted he did not file any written objection with this Court before proceeding to assert an oral objection to the Attorney Fee Application. Id. Mr. Mize's oral objection focused on his dissatisfaction with his treatment during the Case, his dissatisfaction with the amount of time that Ms. Redden-Jansen spent reviewing and responding to his docketed papers according to the Attorney Fee Application, and his belief that he did not receive the right to participate in decision-making portions of this Case. Id. Mr. Mize tendered no evidence in support of his arguments and cited no statutory basis to support his objections. Id. At the close of the hearing this Court took the matter under advisement. Id.

## II. PRELIMINARY MATTERS

These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(A) over which this Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), and (b)(1). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

### A. Jurisdiction

Under the Bankruptcy Code, bankruptcy courts must review professional compensation. 11 U.S.C. § 330; see also Dery v. Cumberland Cas. & Surety Co. (In re 5900 Assocs., Inc.), 468 F.3d 326, 330 (6th Cir. 2006) ("The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case."). This statutory obligation stands as a foundational issue in each bankruptcy proceeding and persists even after dismissal of the underlying case. 5900 Assocs., 478 F.3d at 330; see also Willis v. Cruse (In re Samford), 125 B.R. 230, 232-34 (E.D. Mo. 1991) (affirming the bankruptcy court's finding that a dispute involving attorneys' fees constituted a core proceeding for adjudication post-dismissal and finding arguments against a bankruptcy court's jurisdiction on that issue "destitute of merit"); accord In re Lowe, 97 B.R. 547, 548 (Bankr. W.D.

Mo. 1987) (stating that bankruptcy courts hold an "inescapable duty to determine the reasonableness of attorney's fees awards" even after dismissal of a case).

Earlier in the Case, the Objecting Parties acknowledged this Court's jurisdiction over matters relating to the Debtor and the Case, in writing and through oral representations to this Court. See, e.g., Doc. No. 66 at 1, ¶ 1 (explicitly noting this Court's jurisdiction); Doc. No. 77 at 2, ¶ 2 (comprising written request asserting this Court's "vested power and legal authority" to grant relief); Doc. No. 78 at 2, ¶ 2 (same); Doc. No. 99 at 12 (requesting leave from this Court to file a proof of claim late due to excusable neglect and requesting to receive payment of said claim through the bankruptcy process). This Court's docket also reflects that, on May 27, 2021, Deborah Drace filed a post-dismissal motion seeking specific relief regarding previous fee awards from this Court. Doc. No. 250. Similarly, Mr. Mize requested this Court retain jurisdiction over an adversary proceeding associated with the Case on grounds that this Court retained jurisdiction over certain core matters after dismissal of this Case. See generally Adv. Pro. Doc. No. 28.[4] No basis exists to find that this Court lacks jurisdiction over the Attorney Fee Application, particularly when the Dismissal Order expressly contemplated a post-dismissal ruling on professional fees. Doc. No. 248 at 4, ¶ 3. Therefore, this Court overrules the objections to this Court's jurisdiction over the Attorney Fee Application.

Because this "Court's jurisdiction to review such fees is not dependent on whether the status of the case stands as open, closed, pending, or dismissed," In re Garris, 496 B.R. 343, 354 (Bankr. S.D.N.Y. 2013) (internal quotations omitted), this Court now considers the Objecting Parties' argument that Ms. Redden-Jansen's withdrawal from the Case constitutes per se cause to reduce or deny her fees. See Doc. No. 263 at 1; Doc. No. 264. Case law demonstrates that this

---

[4] This Court merely recites Mr. Mize's averment without ruling on the matter at this time.

Court may rule on fee requests for an attorney who moved to withdraw from a case.  See, e.g., In re Sandpoint Cattle Co., LLC, 556 B.R. 408, 417-18 (Bankr. D. Neb. 2016) (ruling on fee application for counsel previously authorized to withdraw from a case); In re Living Hope Southeast, LLC, 509 B.R. 629, 648-49 (Bankr. E.D. Ark. 2014) (approving fees for counsel who previously moved to withdraw after debtor's principals attempted to fire counsel for refusing to subordinate the estate's interests to the principals' personal interests).  Therefore, the Objecting Parties' argument that Ms. Redden-Jansen's withdrawal warrants reduction or denial of her fees holds no weight.  Any other result would contravene this Court's statutory obligation to review fee applications even absent objections.  See 11 U.S.C. § 330.

## B.    Burden of Proof

The applicant seeking fees bears the burden to establish an entitlement to compensation. Chamberlain v. Kula (In re Kula), 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997); In re Koerkenmeier, 344 B.R. 603, 609 (Bankr. W.D. Mo. 2006).  The applicant must show that she provided actual, necessary services and that she seeks reasonable amounts of payment for those services. Koerkenmeier, 344 B.R. at 609.

## C.    Evidence and Evidentiary Presentation

Ms. Redden-Jansen tendered the Attorney Fee Application, the Supplement to the Attorney Fee Application, and her own representations at the July 27, 2021 Hearing to establish her entitlement to compensation.  Cf. Kula, 213 B.R. at 736 ("The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.").  No dispute appears of record about whether Ms. Redden-Jansen completed the work for which she seeks payment.

Law requires this Court to permit the fee applicant—Ms. Redden-Jansen—an opportunity to be heard on her application, see 11 U.S.C. § 330(a)(1) (requiring notice and a hearing prior to

awarding fees), but the law authorizes this Court to exercise discretion regarding this opportunity. Kula, 213 B.R. at 742-43. At the July 13, 2021 Hearing, the Objecting Parties orally objected to the time allotted for Ms. Redden-Jansen to supplement the Attorney Fee Application, Doc. No. 259, and Deborah Drace objected to the grant of additional time in writing via the Objection to Attorney Fees. Doc. No. 263 at 1. However, extensions of time rest within this Court's purview. Kula, 213 B.R at 742-43; cf. In re Meyer, 185 B.R. 571, 574-75 (Bankr. W.D. Mo. 1995) (denying motion to reconsider a fee reduction when counsel previously received an opportunity to correct an application to address objections and failed to rectify concerns).

The Objecting Parties also orally objected to the timing of the July 13, 2021 Hearing and the July 27, 2021 Hearing, arguing that there would be insufficient time for either of them to review any new information in any docketed supplement. In the Objection to Attorney Fees, Deborah Drace reiterated that all information in the Supplement to the Attorney Fee Application constituted new information. Doc. No. 263 at 1. These arguments lack merit because the information provided in the Supplement to the Attorney Fee Application substantively comprises the same information as in the Attorney Fee Application, only presented in a more understandable format.

Some courts observe that "[n]either the Bankruptcy Code nor the Bankruptcy Rules prescribe any particular format for a fee application." In re Bailey Ridge Partners, LLC, No. 17-00033, 2018 WL 3655385, at *9 (Bankr. N.D. Iowa June 28, 2018) (internal quotations omitted). This Court's own standards set out in Local Rule 2016 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Missouri ("Local Rule 2016"), specifically Local Rule 2016-2, directs fee applicants to the guidelines in this Court's Procedures Manual to ensure fee applications contain sufficient information to permit meaningful review. L.R. 2016-2; Procedures Manual Accompanying Local Rules of Bankruptcy Procedure at

Appendix A (Jan. 4, 2021) (the "<u>Fee Guidelines</u>") (providing guidelines for fee applications before this Court). Nothing in Local Rule 2016 prevents this Court from requesting additional information to assist in its statutorily obligated review. Ms. Redden-Jansen's decision to file the Supplement to the Attorney Fee Application and to provide information in an easier to comprehend format made it easier to evaluate the entries.

The Objection to Attorney Fees demanded an evidentiary hearing for Deborah Drace to present evidence to support her objections. Doc. No. 263 at 7. She reiterated this request orally at the July 27, 2021 Hearing and Mr. Mize echoed this request. Doc. No. 264. As Ms. Redden-Jansen noted, all parties in interest had two separate opportunities to object and respond to the Attorney Fee Application and to designate exhibit lists, witness lists, or other evidence for consideration by this Court. Neither Deborah Drace nor Mr. Mize chose to file timely papers regarding the Attorney Fee Application, nor did they designate exhibit lists, witness lists, or other evidence for consideration by this Court. For the Supplement to the Attorney Fee Application, Mr. Mize failed to file any papers, exhibit lists, witness lists, or other evidence for consideration by this Court. Further, although Deborah Drace filed the Objection to Attorney Fees timely, she failed to follow procedure to prepare to present evidence at the July 13, 2021 Hearing or the July 27, 2021 Hearing, or to appear with exhibits and witnesses ready for presentation and testimony at either of those hearings. As a result, the Objecting Parties waived any opportunity to present evidence regarding the Attorney Fee Application and this Court declines to grant any request for a third opportunity to present evidence on the issue.

The Objection to Attorney Fees also asserted that Deborah Drace deserved at least thirty business days to respond to the Attorney Fee Application, but that assertion cites no case law, statute, rule, or other authority for support. Doc. No. 263 at 7, ¶ 27. In fact, this Court previously

rejected this argument in its order striking the Combined Objection. Doc. No. 258 at 6. Moreover, Federal Rule of Bankruptcy Procedure 2002(a)(6) ("Bankruptcy Rule 2002(a)(6)") requires only twenty-one days' mail notice of applications for compensation of amounts over $1,000.00. FED. R. BANKR. P. 2002(a)(6). Here, the proof of service contained in the Notice of Hearing regarding the Attorney Fee Application certifies that Ms. Redden-Jansen filed and mailed that Notice of Hearing to Deborah Drace on June 4, 2021 and gave notice of the July 2, 2021 objection deadline at that time. Doc. No. 253 at 2-3. This satisfied Bankruptcy Rule 2002(a)(6)'s requirement. Therefore, this Court overrules the Objecting Parties' objections to the scheduling and conduct of the July 13, 2021 Hearing, the continuation of the hearing on the Attorney Fee Application to the July 27, 2021 Hearing, those hearings' format, the submission of the Supplement to the Attorney Fee Application, and the timeframe allotted for objections to the Attorney Fee Application.

### D. Bias

At the July 27, 2021 Hearing, the Objecting Parties presented arguments claiming this Court exhibited bias in favor of attorneys appearing regularly before it and exhibited bias against the Objecting Parties because they proceeded without counsel. Doc. No. 264. Deborah Drace asserted, without support, that pro se litigants do not receive equal treatment before this Court because collusion exists between the Subchapter V Trustee, the UST, and attorneys appearing regularly before this Court so that those parties receive an unfair advantage over pro se litigants. Id. The Objecting Parties also argued that this Court exhibited bias against them, pointing to orders adverse to their interests and their lack of counsel as evidence of that bias. Id. The Objecting Parties further argued that this Court demonstrated bias by failing to address issues in the timeframe and order they desired. Id. Although neither of the Objecting Parties moved for this

Court to recuse itself nor submitted any evidence to support their claim of bias, this Court views these arguments as a challenge to its impartiality and addresses these arguments accordingly.

Section 455 of Title 28 governs judicial disqualification and requires a judge to recuse when there is "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). However, personal bias does not equate to a ruling or rulings against a particular party. Liteky v. United States, 510 U.S. 540, 555 (1994); Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (holding adverse rulings from the court are "insufficient to require disqualification absent a showing of 'pervasive personal bias and prejudice'"). The party seeking disqualification must show the judge demonstrated a "deep-seated favoritism or antagonism making fair judgment impossible." United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006) (internal quotation omitted). Rulings rendered from facts or circumstances taking place during previous or current proceedings do not militate disqualification, absent a showing of substantial partiality. Liteky, 510 U.S. at 555; see also American Prairie Const. Co. v. Hoich, 594 F.3d 1015, 1021-22 (8th Cir. 2010) (same).

A bankruptcy judge may rule on a fee application even if she maintains professional relationships with the attorneys appearing before her. In re Wolverine Proctor & Schwartz, LLC, 397 B.R. 179, 185 (Bankr. D. Mass. 2008) (explaining that the party seeking disqualification failed to establish bias of a bankruptcy judge who engaged in community volunteer activities, lectured on financial literacy, and participated on boards with attorneys appearing before the court). Familiarity with the bar does not create the appearance of impropriety. Id. After all, "a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (internal

quotation omitted).  Mere speculation about a judge's personal relationship interfering with her impartiality is inappropriate.  Id. at 665.

Here, the Objecting Parties argued that attorneys who work regularly with one another are prone to protect one another, and that this Court favored attorneys who regularly appear before it over pro se litigants.  Doc. No. 264.  Familiarity with the attorneys appearing before this Court does not create an appearance of impropriety, Wolverine, 397 B.R. at 185, and assuming otherwise without evidence constitutes speculation that fails to provide sufficient grounds for recusal. Fletcher, 323 F.3d at 665.  Moreover, the Objecting Parties neither alleged nor presented any evidence that relationships between this Court and the attorneys appearing before it in this matter comprised anything other than the professional relationship between a court and its regular practitioners.  Doc. Nos. 263, 264.  As a result, the Objecting Parties' assertion of bias based upon collusion between this Court and attorneys holds no weight.

The Objecting Parties also argued that this Court exhibited bias when it entered multiple orders against their interests. The Objecting Parties attributed these rulings to their decision not to employ counsel to advocate for their individual positions.  This argument lacks any evidentiary support and merely complains of adverse rulings entered against the Objecting Parties that cannot support a claim of bias or partiality absent evidentiary support showing favoritism or antagonism. Liteky, 510 U.S. at 555; Holloway, 960 F.2d at 1351.  This Court issued rulings adverse to multiple parties in the Case based upon the facts and law presented and those adverse rulings alone fail to indicate bias: rather, they represent the litigated result of the adversarial process.  See Liteky, 510 U.S. at 555.

This Court repeatedly encouraged all parties in interest to review applicable Bankruptcy Rules and Local Rules and to ensure compliance with federal law and procedure.  See, e.g., Doc.

Nos. 105, 129. The Objecting Parties declined to comply with their obligations under federal law and procedural rules, resulting in certain rulings against their positions. While this Court construes the Objecting Parties' arguments and pleadings liberally, this Court lacks the authority to except them from complying with their statutory or rule-based obligations. Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983). Absent evidence of favoritism or antagonism, adverse rulings based on a party's noncompliance with federal rules cannot constitute a valid basis for an allegation of bias or impartiality. See, e.g., Landmark Ventures, Inc. v. InSightec, Ltd., 619 F. App'x 37, 39 (2d Cir. 2015); Smith v. Atlanta Postal Credit Union, 350 F. App'x 347, 349 (11th Cir. 2009); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992). This Court cannot provide the Objecting Parties with a more favored treatment or exempt them from compliance with federal law and doing so would comprise an improper bias in their favor.

The Objecting Parties' additional argument–that this Court's declination to hear matters in the order that they preferred, to set particular matters for evidentiary hearing prior to addressing jurisdictional or other issues, or to schedule hearings at the Objecting Parties' preferred times put them at a disadvantage–likewise fails. This Court already addressed these arguments at previous hearings and in previous orders. See, e.g., Doc. Nos. 222, 223. This Court retains the right to control its own docket. United States v. Smith, 422 F.3d 715, 725 (8th Cir. 2005); Jones v. Clinton, 72 F.3d 1354, 1361 (8th Cir. 1996). Not every docketed matter required argument. Not every docketed matter ripened for hearing. Not every docketed matter came before this Court in a procedurally sound format for adjudication. And finally, this Court denied many matters as moot under the Dismissal Order as a result of the limitations on this Court's post-dismissal jurisdiction. Doc. No. 248. Absent evidence otherwise, this Court's control over its docket cannot comprise bias or overcome the presumption of impartiality. Therefore, this Court overrules the Objecting

Parties' arguments of bias, prejudice, or collusion by this Court because the Objecting Parties failed to tender any evidence to support those allegations.

### E. Due Process

The Objecting Parties asserted that holding the July 13, 2021 Hearing and July 27, 2021 Hearing violated their rights to due process because they required more time to review and object to the Attorney Fee Application and the Supplement to the Attorney Fee Application. Doc. Nos. 259, 263, 264. They also asserted that they failed to receive adequate due process in this Case. Doc. Nos. 259, 263, 264. Specifically, Deborah Drace reiterated her allegations that collusion between attorneys and this Court violated her due process rights. Doc. No. 264. This Court addressed Deborah Drace's collusion allegations above, but this Court further addresses the due process assertion to ensure the argument's full disposition.

Due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Dahlin v. Lyondell Chem. Co., 881 F.3d 599, 604 (8th Cir. 2018). Determining adequacy of notice occurs on a case-by-case basis. In re Peabody Energy Corp., 579 B.R. 208, 217 (Bankr. E.D. Mo. 2017). No violation of due process occurs when a party receives actual notice of pending acts in the bankruptcy court. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (finding creditor's receipt of actual notice of the filing and contents of the debtor's plan satisfied due process requirements); Nunley v. Dep't of Justice, 425 F.3d 1132, 1139 (8th Cir. 2005) (stating that one "cannot complain about the constitutionality of the method used to provide notice when [that person] has received actual notice . . . for [that person] has suffered no harm."); see also Holsinger v. Hanrahan (In re Miell), 439 B.R. 704, 709 (B.A.P. 8th Cir. 2010)

(holding that a party did not experience a violation of its due process rights when it received a trustee's notice of a proposed sale).

The Objecting Parties' argument that their pro se status resulted in a violation of their due process rights lacks any support in the record. The Objecting Parties received twenty-one days' mail notice of the Attorney Fee Application in compliance with Bankruptcy Rule 2002(a)(6). Doc. No. 253 at 2-3. The Objecting Parties acknowledged on the record that they received actual notice of the Attorney Fee Application and the Supplement to the Attorney Fee Application. Doc. No. 264 (comprising audio recording of the hearing on the Attorney Fee Application and the Supplement to the Attorney Fee Application). Deborah Drace filed written responses to both documents. Doc. Nos. 257, 263. The Objection to Attorney Fees acknowledged receipt of both documents. Doc. No. 263 at 1, ¶ 2. Moreover, the Objecting Parties both appeared and participated in the entirety of the July 13, 2021 Hearing and the July 27, 2021 Hearing, where they had ample opportunity to argue their positions to this Court.

Moreover, the Objecting Parties maintained active presences in the Case for months, repeatedly demonstrating actual notice of Case proceedings and averring that they obtained access to the federal courts' PACER system so that they could monitor the Case. Doc. Nos. 89; 203; 238; 259. The Objecting Parties participated in numerous hearings in the Case. See, e.g., Doc. Nos. 89, 148, 149, 203, 238, 242, 259, 264 (comprising audio recordings of referenced hearings). This Court received and reviewed the Objecting Parties' numerous pleadings filed throughout the Case, many of them filed timely. Their receipt of notice and appearance at multiple hearings, including the documents and proceedings related to the July 13, 2021 Hearing and July 27, 2021 Hearing, demonstrate that no due process violation occurred in this matter under the applicable precedential standards. Espinosa, 559 U.S. at 272 (discussing what due process requires).

Dissatisfaction with the bankruptcy process does not equate to bias or a lack of due process and the Objecting Parties tendered no evidence to support their due process assertions or to demonstrate any harms purportedly derived from those assertions. As a result, this Court overrules the Objecting Parties' objections premised on their assertion of a due process violation regarding the Attorney Fee Application.

## III.     ANALYSIS OF FEE APPLICATION

### A.     Necessity of Services Provided

As no dispute exists on the question of whether the work listed in the Attorney Fee Application and the Supplement to the Attorney Fee Application occurred, see Part II, subsection C at 9, above, this Court now turns to the question whether that work comprised necessary work. The obligation to determine necessity always rests with the bankruptcy court. In re Miller Auto. Grp., Inc., 521 B.R. 323, 326-27 (Bankr. W.D. Mo. 2014). The Bankruptcy Code does not condition attorney fee allowance on plan confirmation or other milestones. In re Kohl, 95 F.3d 713, 714 (8th Cir. 1996). Instead, the Code requires a court to evaluate objectively whether services had a reasonable likelihood of benefitting the estate when performed. Miller Auto., 521 B.R. at 326-27 ("The court must make this determination in an objective manner, making sufficient factual findings, on the record[.]").

A bankruptcy court may refuse to award a debtor's attorney fees if it determines objectively that the attorney should have recognized the futility of a bankruptcy filing. In re Coones Ranch, Inc., 7 F.3d 740, 744 (8th Cir. 1993) ("A court may conclude that an attorney who should have known a reorganization was futile before filing the petition has rendered no service to the estate and should therefore not be compensated for such service."); see also In re Land, 138 B.R. 66, 70 (D. Neb. 1992), aff'd, 994 F.2d 843 (8th Cir. 1993) (affirming bankruptcy court's decision that the

record did not reflect a possible benefit to the estate as the matters never progressed under the applicant's representation). For example, in <u>In re Small</u>, the bankruptcy court determined that the attorney failed to make any "attempt to seriously evaluate" how commencing a Chapter 11 bankruptcy might have criminal implications for the debtor, dooming the case to failure before commencement. <u>In re Small</u>, No. 18-40362, 2018 WL 2938517, *5 (Bankr. W.D. Mo. June 7, 2018). The court in <u>Small</u> denied fees entirely because the court viewed the entire bankruptcy as futile and determined that the debtor's counsel failed to conduct simple due diligence to discover the bankruptcy case could not possibly succeed. <u>Id.</u> Thus, successful reorganization does not comprise a prerequisite to fee approval, but a court may deny fees to counsel who provided services that failed to benefit the bankruptcy estate in a patently unachievable reorganization. <u>In re Kohl</u>, 95 F.3d at 714.

Here, the Objecting Parties argue that because their preferred outcome—a confirmed plan where the Debtor maintained ownership of its real estate—did not occur, Ms. Redden-Jansen's work cannot be considered necessary or her fees approved. However, this Court's docket lacks any indication that the Case's filing comprised an exercise in futility.

Ms. Redden-Jansen commenced the Case with the agreement of multiple members of the family purporting to control the Debtor. Doc. No. 263 (reflecting that Deborah Drace, Patty Drace, and Robert Drace—Deborah Drace's brother and Patty Drace's son—all wanted the Case filed). Nothing in the record suggests that Ms. Redden-Jansen knew or could have known before the Petition Date that this Case could not make it to confirmation.

In fact, this Court's docket reflects that the Case progressed in an ordinary fashion in its first months. <u>See, e.g.</u>, Doc. No. 41 (reflecting docketed Pre-Status Conference Report); Doc. No. 42 (comprising audio recording of Subchapter V status conference); Doc. No. 43 (reflecting

conduct and conclusion of meeting of creditors); Doc. No. 44 (comprising Consent Motion for Relief from Stay from creditor seeking insurance recovery). The Case's progress only slowed after the Objecting Parties began filing pleadings that attempted to direct the Debtor's course through the bankruptcy process. See, e.g., Doc. No. 73 (objecting to the plan submitted by Debtor); Doc. No. 98 (seeking removal of Robert Drace as an officer of the Debtor—but requiring him to fund a plan of reorganization for the Debtor—and requesting sanctions against Ms. Redden-Jansen and Robert Drace individually to compensate Deborah Drace for alleged personal losses, among other things); Doc. No. 123 (comprising objection to plan confirmation prior to approval of plan solicitation processes and request for "exemption" of property owned by Debtor); Doc. No. 150 (seeking multiple forms of relief, including an order directing Ms. Redden-Jansen to draft a plan of reorganization for the Debtor at the direction of the Debtor's board by a date certain, to object to certain creditors' claims, and to enjoin Robert Drace and other persons from the Debtor's real estate); Doc. No. 205 (seeking a court order striking a supplement to the Motion to Withdraw and compelling Ms. Redden-Jansen to continue representing the Debtor).

At the July 27, 2021 Hearing, the Objecting Parties challenged the necessity of the time spent on matters directly related to them, Doc. No. 264, described as the "Jeffrey Mize and Deborah Drace Matters" in the Attorney Fee Application, Doc. No. 251 at 3, ¶ 9(e), and referenced in the Supplement to the Attorney Fee Application. Doc. No. 262 at 8-9. The Attorney Fee Application and the Supplement to the Attorney Fee Application list a total of 44.87 hours, or approximately thirty-two percent of the overall time charged, under that category. Doc. No. 252 at 3, ¶ 9(e), at 7-11; Doc. No. 262 at 8-9. These objections ignore that Ms. Redden-Jansen had a duty as Debtor's then-counsel to perform work directed by this Court's orders and to work to protect the bankruptcy estate and the Debtor's interests in the Case. See ICM Notes, Ltd. v.

Andrews & Kurth, L.L.P., 278 B.R. 117, 123 (S.D. Tex. 2002), aff'd sub nom. In re ICM Notes Ltd., 324 F.3d 768 (5th Cir. 2003) (observing that a debtor in possession's counsel owes a duty to protect and preserve the interests of the bankruptcy estate); In re JLM, Inc., 210 B.R. 19, 25 (B.A.P. 2d Cir. 1997) (explaining that debtor's counsel cannot ignore potentially adverse issues or filings that may impair the rights of the debtor or bankruptcy estate).

This Court views the information on the Attorney Fee Application and the Supplement to the Attorney Fee Application, and the entries in them, as commensurate with the progression of this Case. While the Objecting Parties may dislike the amount of time Ms. Redden-Jansen spent responding to their filed pleadings–or that the Debtor responded to them at all–those actions defended the Debtor's rights and therefore comprised necessary work when performed. Neither the Attorney Fee Application nor the Supplement to the Attorney Fee Application contain entries or descriptions that are outrageous or so wholly unrelated to the Case as to require this Court to view the entirety of the fee request as without merit or necessity. This Court finds the work described in the Attorney Fee Application and the Supplement to the Attorney Fee Application necessary at the time of completion. Therefore, this Court overrules those objections by the Objecting Parties.

### B. Reasonableness

This Court now looks at the reasonableness of the fees charged for the actual, necessary work. In all events, a bankruptcy court holds authority and discretion to review attorney fees for reasonableness. Walton v. LaBarge (In re Clark), 223 F.3d 859, 863 (8th Cir. 2000); see also Kula, 213 B.R. at 735 (same). The Eighth Circuit determines a reasonable fee under section 330 of the Code by first looking to the lodestar calculation. Id. at 739; accord Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (stating that courts first look to the lodestar calculation when determining

reasonableness of fees under civil rights statutes). Courts determine the lodestar amount by calculating the number of hours reasonably billed multiplied by a reasonable hourly rate for services. See Kula, 213 B.R. at 736 (citing P.A. Novelly v. Palans (In re Apex Oil Co.), 960 F.2d 728, 731 (8th Cir. 1992)). Courts presume the amount calculated under the lodestar method appropriate under section 330 of the Code. Kula, 213 B.R. at 737.

If, after calculating the lodestar amount, a bankruptcy court finds the calculation inappropriate, the court may, with explanation, look to other factors when determining reasonableness. See Apex Oil Co., 960 F.2d at 732; Kula, 213 B.R. at 738. The Supreme Court of the United States outlined the "Johnson factors" a trial court may consider for that purpose, including:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill required to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar circumstances

Hensley, 461 U.S. at 430 n.3 (citing Johnson v. Georgia Highway Exp. Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Multiple courts limit use of the Johnson factors to adjust the lodestar calculation to circumstances where the lodestar calculation does not fully account for a specific factor. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 568 (1986); Kula, 213 B.R. at 738. A bankruptcy court making an adjustment must point to evidence in the record and provide detailed findings. See Delaware Valley, 478 U.S. at 565; Apex Oil Co., 960 F.2d at 731-32; Kula, 213 B.R. at 738. However, a bankruptcy court need not examine every single factor

in evaluating fees.  See Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999) (citing Johnson, 488 F.2d at 717).

A bankruptcy court need not conduct a detailed analysis of every fee entry; rather, it may consider the case's nature, the issues presented, and whether the fees requested resemble those ordinarily charged in the region in similar cases.  Bachman v. Laughlin (In re McKeeman), 236 B.R. 667, 672 (B.A.P. 8th Cir. 1999); see also In re Howell, 226 B.R. 279, 281-82 (Bankr. M.D. Fla. 1998) (explaining that extensive review of fee applications in an ordinary case wastes judicial resources); In re Shamurger, 189 B.R. 965, 973 (Bankr. N.D. Ala. 1995) (collecting cases that indicate that voluminous fee applications do not require an hour-by-hour analysis and adopting the position that those applications require less scrutiny so long as the court provides a clear explanation for any reduction); In re First Software, Corp., 79 B.R. 108, 112 (Bankr. D. Mass. 1987) (discussing that requiring "meticulous detail" in fee applications may be unnecessary in small cases, short lived cases, cases where attorneys charge modest amounts, or other situations). If a bankruptcy court, in its discretion, chooses to reduce fees, it may do so on a case-by-case basis. Meyer, 185 B.R. at 574 (collecting cases).  When determining a reasonable hourly rate, this Court may rely on its own experience and knowledge of customary rates.  Bachman v. Pelofsky (In re Peterson), 251 B.R. 359, 365 (B.A.P. 8th Cir. 2000).

This Court looks at the reasonableness of the Attorney Fee Application and the Supplement to the Attorney Fee Application and considers whether the Attorney Fee Application and the Supplement to the Attorney Fee Application meet the applicable Fee Guidelines. L.R. 2016-2; Procedures Manual Accompanying Local Rules of Bankruptcy Procedure at Appendix A (Jan. 4, 2021).  Ms. Redden-Jansen listed sufficient information in the Attorney Fee Application to identify the Case, the Employment Order, and the billing professional—Ms. Redden-Jansen.  See Doc. No.

252 at 1-2, ¶¶ 4-7. This information is reiterated in the Supplement. Doc. No. 262. Ms. Redden-Jansen's hourly rate of $325.00 per hour clearly appeared in the Attorney Fee Application, as does the total number of hours billed (139.30 hours), total fees requested ($45,272.50), and total expenses requested ($130.60). Doc. No. 252 at 2, ¶¶ 6-8; at 3, ¶ 12; at 11-12; L.R. 2016-2; Procedures Manual Accompanying Local Rules of Bankruptcy Procedure at Appendix A (Jan. 4, 2021). The record reflects Ms. Redden-Jansen served the Notice of Hearing, the Attorney Fee Application, and the Supplement to the Attorney Fee Application to all parties in interest. Doc. No. 253 at 2-3; Doc. No. 252 at 5-6; Doc. No. 262 at 1-2.

Next, this Court reviews the lodestar calculation to evaluate the fees requested in the Attorney Fee Application. The Attorney Fee Application covered September 2020 through a portion of March 2021. See Doc. No. 252 at 1-2, ¶¶ 6-7. The Attorney Fee Application averred that Ms. Redden-Jansen did not charge for all the time spent on matters dealing with Deborah Drace or Mr. Mize, but neither the Attorney Fee Application nor the Supplement to the Attorney Fee Application identified and reconciled any time that received a no-charge designation. See id. at 2, ¶ 8. This Court also notes Ms. Redden-Jansen did not list charges for fees associated with the Motion to Withdraw. This Court recognizes this work took place at the purported behest of Deborah Drace and others prior to this Court authorizing Ms. Redden-Jansen's withdrawal.

The Attorney Fee Application sought allowance of fees incurred for 139.30 hours of services at the hourly rate of $325.00 per hour. Id. at 2, ¶ 7. Ms. Redden-Jansen is a long-time bankruptcy practitioner in this district and this Court views her hourly rate of $325.00 as reasonable for this Case. While this Case represents her first proceeding under Subchapter V, a review of other Subchapter V proceedings filed in this district reflects that her hourly rate rests well within

the range of debtors' counsel in those cases.[5] See In re GG/MG,Inc., Case No. 20-42506, Doc. No. 8 (Bankr. E.D. Mo.) (comprising application to employ reflecting a range of hourly rates attorney from $225.00 to $345.00); In re Double G Brands, Inc., Case No. 20-42984, Doc. No. 11 (Bankr. E.D. Mo.) (comprising application to employ reflecting a range of attorneys' hourly rates from $240.00 to $385.00); In re Ben F. Blanton Constr., Inc., Case No. 20-43555, Doc. No. 9 (Bankr. E.D. Mo.) (comprising application to employ reflecting a range of attorneys' hourly rates from $220.00 to $685.00); In re Stidham, Case No. 20-20217, Doc. No. 25 (Bankr. E.D. Mo.) (reflecting an hourly rate of $300.00); In re Baretta Inc., Case No. 21-40914, Doc. No. 6 (Bankr. E.D. Mo.) (reflecting an hourly rate of $300.00); In re Rolling Hills Apartments, LLC, Case No. 21-41314, Doc. No. 7 (Bankr. E.D. Mo.) (comprising application to employ reflecting a range of attorneys' hourly rates from $225.00 to $425.00); In re Breckenridge Hills Fuel LLC, Case No. 21-41572, Doc. No. 22 (Bankr. E.D. Mo.) (comprising amended application to employ reflecting an hourly rate of $325.00); In re Narayan, LLC, Case No. 21-41573, Doc. No. 23 (Bankr. E.D. Mo.) (comprising amended application to employ reflecting an hourly rate of $325.00). This Case is not Ms. Redden-Jansen's first proceeding under the Bankruptcy Code. Ms. Redden-Jansen's bankruptcy experience includes handling various chapters of bankruptcy cases and a variety of bankruptcy proceedings, including contested motions, adversary proceedings, and appeals. As a result, the lodestar fee calculation here equals the $45,272.50 requested in the Attorney Fee Application. Doc. No. 252 at 2, ¶ 8.

---

[5] This court reviewed cases filed under Subchapter V of the Code in this district from February 19, 2020 (the effective date of the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079 (2019)) through June 2, 2021 (the date Ms. Redden-Jansen filed the Attorney Fee Application).

This Court notes that the lodestar calculation fails to appreciate the difficulty of Ms. Redden-Jansen's duties in this matter, so this Court addresses one of the Johnson factors. See Delaware Valley, 478 U.S. at 568; Kula, 213 B.R. at 378. Specifically, she expended substantial time and labor to perform work required as part of her duties as Debtor's then-counsel in the Case. Ms. Redden-Jansen appeared at various hearings in this Case, including those required by the Bankruptcy Code. See Doc. Nos. 12, 13, 36, 42, 62, 75, 89, 148, 149 (comprising audio recordings of referenced hearings). The charges for these hearings alone, plus the meeting of creditors in the Case, totaled 13.8 hours, nearly ten percent of the entire fee request. Doc. No. 252 at 2.

Moreover, as already mentioned, see Part III, A, at 20-21, above, the Attorney Fee Application's entries reflect substantial time spent reviewing multiple documents and emails and participating in telephone calls related to Deborah Drace, Patty Drace, and Mr. Mize. Doc. No. 262 at 8-9. This "Mize Deborah" category of the Attorney Fee Application represented approximately thirty-two percent of the entire fee request. Moreover, any argument that Ms. Redden-Jansen should not have charged to review, analyze, respond to, or otherwise address these matters lacks merit due to her obligation to the Debtor and bankruptcy estate. This Court declines to adjust the amounts sought in the Attorney Fee Application on that basis, and finds those amounts charged reasonable relative to the substantial quantity of work required from Ms. Redden-Jansen in the Case, but reduces the amounts requested as addressed below.

## C. Reductions

The Attorney Fee Application failed to furnish sufficient detail for some entries and utilized block billing in other entries in a manner inconsistent with the Fee Guidelines and applicable law. See Procedures Manual Accompanying Local Rules of Bankruptcy Procedure at Appendix A (Jan. 4, 2021). Courts determine amounts and percentages disallowed on a case-by-case basis. In re

Meyer, 185 B.R. 571, 574 (Bankr. W.D. Mo. 1995) (collecting cases). Overall, this Court has difficulty evaluating entries throughout the Attorney Fee Application and the Supplement to the Attorney Fee Application due to a lack sufficient detail. This Court also notes that entries that lump or block bill reduce this Court's ability to determine the amount of time spent on discrete tasks. Therefore, this Court reduces the approved amount of the fees sought in the Attorney Fee Application in accord with section 330(a)(2) of the Bankruptcy Code.

### 1. Lumping or Block Billing

This Court may disallow or reduce fees in its discretion when lumping or block billing prevents it from determining the reasonableness of the fees requested for specific services. McCormick v. Starion Fin. (In re McCormick), 567 B.R. 552, 560 (B.A.P. 8th Cir. 2017) (affirming bankruptcy court's determination of reasonableness in reducing fee award rather than denying all fees due to block billing and other concerns), aff'd on other grounds, 894 F.3d 953, 957 n. 3 (8th Cir. 2018); In re GSC Grp., Inc., 502 B.R. 673, 742-43 (Bankr. S.D.N.Y. 2013) ("Courts have endorsed cutting a professional's fees by a percentage as a practical means of trimming fat from a fee application, particularly to address problems like lumping, duplication of effort, and vague time entries.") (internal quotation omitted); In re St. Vrain Station Co., 151 B.R. 549, 552 (D. Colo. 1993) (affirming bankruptcy court's utilization of percentage reduction).

Here, this Court notes that block billing occurred in entries totaling 67.5 hours. This Court opts to reduce fees allowed for the affected hours by twenty percent. A twenty percent reduction results in a disallowance of 13.5 hours and a monetary reduction of $4,387.50.

### 2. Insufficient Description

This Court denies the allowance of compensation for entries where the description fails to identify the service rendered in a reasonable manner. Here, certain entries lacked information

about a task's purpose, the applicable means of communication, or other information, resulting in insufficient description of services performed, for 7.5 hours of requested time. This Court opts to reduce the fees allowed for those impacted hours by twenty percent. This reduction results in a disallowance of 1.5 hours and a corresponding monetary reduction of $487.50.

Similarly, expense requests that include items bunched together with no date information or other details may be disallowed in their entirety. In re Apex Oil Co., 128 B.R. 671, 674 (Bankr. E.D. Mo. 1991). The Attorney Fee Application requested $130.60 in expenses, broken down into three categories: filing fees ($32.00), mailing ($82.00), and parking ($16.60). This request contains insufficient information. There are no dates associated with these requests and this Court cannot determine whether the requested expenses involve one or more filing fees, mailings, or parking charges. Therefore, this Court will disallow the entire expense request for lack of a sufficient description.

### 3.     Block Billing and Insufficient Description

This Court identified a number of time entries that contained both block billing and insufficient descriptions; this occurred in entries totaling 17.3 hours. This Court opts to reduce these hours by twenty percent. This reduction results in a disallowance of 3.46 hours and a monetary reduction of $1,124.50.

### IV.     CONCLUSION

As a result, for the reasons set out above, this Court **ORDERS** that the "Amended Application for Allowance of Fees and Expenses Filed by Angela Redden-Jansen, Former Counsel for Debtor" [Doc. No. 252] is **GRANTED IN PART** and **DENIED IN PART** in that this Court **ORDERS** the Attorney Fee Application's requested total of $45,272.50 in fees is reduced by $5,999.50 for a **total approved award of $39,273.00** and the Attorney Fee Application's

requested total of $130.60 in expenses be reduced by $130.60 for a **total approved expense award of $0.00**.

This Court further **ORDERS** that Ms. Redden-Jansen may first apply the approved fee award against the $5,107.50 amount held in her trust account and that Ms. Redden-Jansen then may seek to recover the balance due through the means available to her under law.

This Court further **ORDERS** that, to the extent the "Motion for Leave to File Out of Time: Combined Formal Objection to Supplement to Fee Application filed by Attorney Angela Jansan Amended Application for allowance of fees and expenses filed by Angela Jansen, former attorney, and Request for Evidentiary Hearing and Objection to Jurisdiction" [sic] [Doc. No. 263] constitutes an objection to the Attorney Fee Application and/or the Supplement to the Attorney Fee Application, it is **OVERRULED**.

This Court further **ORDERS** that all other relief sought by "Motion for Leave to File Out of Time: Combined Formal Objection to Supplement to Fee Application filed by Attorney Angela Jansan Amended Application for allowance of fees and expenses filed by Angela Jansen, former attorney, and Request for Evidentiary Hearing and Objection to Jurisdiction" [sic] [Doc. No. 263] is **DENIED**.

This Court further and finally **ORDERS** that the oral objections of Deborah Drace and Jeffrey Mize to the Attorney Fee Application and the Supplement to the Attorney Fee Application are **OVERRULED**.

DATED: September 29, 2023
St. Louis, Missouri
mtc

                              BONNIE L. CLAIR
                              Chief United States Bankruptcy Judge

Copies to:

**Robert J. Ambruster, Inc.**
6633 Clayton Road
Saint Louis, MO 63117
**Debtor**

**Stephen D. Coffin**
2705 St. Peters-Howell Rd
Suite A
St. Peters, MO 63376
**Subchapter V Trustee**

**Deborah Drace**
7635 W. Shore Dr
Egg Harbor, WI 54209

**Robert Drace**
6633 Clayton Road
St. Louis Mo 63117

**Jeffrey M Mize**
7635 W Shore Dr
Egg Harbor, WI 54209

**Angela Redden-Jansen**
3350 Greenwood Blvd.
Maplewood, MO 63143
**Debtor's Former Counsel**

**Joseph Schlotzhauer**
111 South 10th Street Suite 6.353
St. Louis, MO 63102
**Attorney for U.S. Trustee**

**Office of U.S. Trustee**
111 South 10th Street Suite 6.353
St. Louis, MO 63102
**U.S. Trustee**

**All other creditors and parties in interest.**